JULIA B. PANCOAST *vs.* DAVID E. DINSMORE.

Piscataquis.    Opinion June 28, 1909.

*Contracts. Principal and Agent. Liability of Agent. Undisclosed Principal.*
*Nudum Pactum.*

1.  Money paid in advance as part of the purchase price of real estate may be recovered back, if the owner fails to make a conveyance in accordance with his contract.

2   Where money has been paid to an agent for his principal, under such circumstances that it may be recovered back from the latter, the agent is liable as a principal so long as he stands in his original position, and until there has been a change of circumstances by his having paid over the money to his principal, or done something equivalent to it.

3.  When one has contracted to take a deed with covenants of warranty from another who is the ostensible owner, but who is really the agent of an undisclosed principal, he is not obliged to accept a deed from the principal,

when discovered, though he may do so. A party has a right to select and determine with whom he will contract, and cannot have another person thrust upon him without his consent.

4. If an intending purchaser, having contracted to take a deed from one who is the ostensible owner, agrees afterward, without consideration, to accept a deed from the real owner, in lieu of the deed contracted for, he is not bound by such agreement. It is a new contract and requires a new consideration.

On exceptions by defendant.    Overruled.

Action of assumpsit for money had and received, with specifications of what the plaintiff expected to show and prove under the money had and received count. Plea, the general issue. During the trial, the presiding Justice excluded certain evidence offered by the defendant, and at the conclusion of the testimony ordered a verdict for the plaintiff. To these rulings the defendant excepted.

The case is stated in the opinion.

*J. B. & F. C. Peaks,* for plaintiff.

*C. W. Hayes,* for defendant.

SITTING : WHITEHOUSE, SAVAGE, PEABODY, CORNISH, KING, BIRD, JJ.

SAVAGE, J.   This case comes up on defendant's exceptions to the exclusion of evidence, and to the ordering of a verdict for the plaintiff. The evidence in the case shows that the plaintiff negotiated with the defendant for the purchase of a farm. The negotiations ended in a written contract signed by the defendant as agent for one Hilton. By the terms of the contract, Hilton was to execute and deliver to the plaintiff, at a time and place certain, a warranty deed of the farm, with the usual covenants, and the plaintiff was to pay four hundred dollars down, that is, at the execution of the contract, and to pay or secure the balance of the purchase price at the delivery of the deed. The plaintiff paid the four hundred dollars to the defendant, and he still holds the money. And it is not claimed by Hilton. At the date of the contract Hilton did not own the farm, nor did he own it at the time fixed for the delivery of the deed, nor has he owned it at any time since, and he has never executed or tendered any deed of it. He might have put himself

in a position so that he could perform the contract on his part, by seasonably procuring title in his own name, but he did not. After the time specified for the delivery of the deed had passed, and after demand for the repayment of the money, the plaintiff brought this suit to recover of the defendant the four hundred dollars, advanced towards the payment for the farm.

Under these circumstances, it is not questioned, and cannot be, that the defendant, though only an agent, is liable in this action for the money received by him, unless some of the defenses tendered by him, and to be referred to later, are valid and effective. The rule is that where money has been paid to an agent for his principal, under such circumstances that it may be recovered back from the latter, the agent is liable as a principal so long as he stands in his original position and until there has been a change of circumstances by his having paid over the money to his principal, or done something equivalent to it. 1 Am. & Eng. Ency. of Law, page 1129. In this case, Hilton, the principal, had utterly failed to perform his contract. He could neither enforce payment of the unpaid part of the purchase price, nor rightfully retain that part which had been paid. *Richards* v. *Allen,* 17 Maine, 296 ; *Jellison* v. *Jordan,* 68 Maine, 373. Therefore, so far as the case has yet been stated, the plaintiff has a clear right to recover in this action.

But the defendant, not controverting the facts thus far outlined, claimed and offered evidence to show that Hilton himself was acting as the authorized agent of the real owner of the farm to sell it, and that the plaintiff's husband knew this fact before the time fixed for the delivery of the deed, and also knew who was the true owner. But it is not claimed that either the plaintiff or her husband knew these facts at the time the contract was made, except from the clause in the contract describing the farm as "belonging to the estate of William S. Perkins."

The defendant further offered to show that the plaintiff's husband, acting as her agent, (and we assume with authority from her) after the time specified in the contract for the delivery of the deed, and waiving strict performance as to time, agreed, first with the authorized attorney of the owner, and later with another agent of the

owner, upon a later time for the delivery of a deed; that a deed from the owner direct to the plaintiff, and a mortgage back, were exhibited to Mr. Pancoast, and that they were satisfactory; that in pursuance of an arrangement made with Mr. Pancoast, the deed of the owner and the mortgage were brought to Dover, for the purpose of transfering the title to the plaintiff; that that deed was seasonably tendered to the plaintiff; that the plaintiff refused to pay or secure the unpaid balance of the purchase price, as stipulated in the contract; and that the deed tendered would have conveyed a complete title to the plaintiff.

The defendant also offered to show that the contract between the plaintiff and Hilton was ratified by the real owner.

All this evidence was excluded, and no other being offered, a verdict was ordered for the plaintiff.

The position of the defendant is that the real owner, a Mrs. Coughlan, was an undisclosed principal, of whom Hilton was the agent, and that a tender of a deed by Mrs. Coughlan was as effectual to hold the plaintiff, as would have been a tender of a deed by Hilton, had the title been in him. But this conclusion does not follow. The plaintiff's contract was with Hilton as a principal. She contracted with no one else. Doubtless, if the owner had placed the title in Hilton for sale as agent, and he had performed his contract by the execution and delivery of a deed, by the principles of the law of agency, the undisclosed owner might have held the plaintiff for the price. Doubtless, too, the plaintiff might have held the owner, as undisclosed principal, to the performance of the contract made by her agent. This rule is well settled, and is the doctrine of *Kingsley* v. *Siebrecht*, 92 Maine, 23. But this case does not fall within these rules. Here the defendant, instead of seeking to bind an undisclosed principal to a third party who contracted with the agent, seeks to bind a third party to an undisclosed principal, in the case of an unperformed contract.

It is good sense, as well as sound law, that, in case of a purely executory contract, a party dealing with another as principal, though in fact he is agent, is not compellable, at all events, to accept performance from the undisclosed principal, when discovered, though

he may do so. He may well say :—"This is not the contract I made." In case an agent, in making a contract with a third party, acts in his own name, and does not disclose the name of his principal, or the existence of an agency, the agent becomes, as to that third party, the contracting party. 1 Am. & Eng. Ency. of Law, page 1164. And the third party may stand on the contract which he has made. It was well said in *Boston Ice Co.* v. *Potter*, 123 Mass. 28 :—"A party has a right to select and determine with whom he will contract, and cannot have another person thrust upon him without his consent. It may be of importance to him who performs the contract, . . . . he may contract with whom he pleases, and the sufficiency of his reasons for so doing cannot be inquired into." And were such reasons open to inquiry, it is easy to see that one might be willing to take the warranties of one person in a deed, when he would not take those of another. At any rate, he is only obliged to take the deed which he contracted to take. It follows that the plaintiff was not bound in law to accept Mrs. Coughlan's deed, when tendered.

But the defendant says further that the plaintiff by her agent waived the contract in respect to who should give the deed, and agreed to accept a deed from the owner direct, in lieu of one from Hilton. If so, this constituted a new contract. It made, as to the plaintiff, a new contracting party. For this contract, no consideration has been shown or offered. It was nudum pactum, and not binding upon the plaintiff. She still had the right to stand upon her original bargain.

It is thus seen that the evidence offered, if true, presented no defense. It was immaterial, and was rightfully excluded. And the verdict for the plaintiff was properly ordered.

*Exceptions overruled.*