### BRENNAN v. HOME OWNERS' LOAN CORPORATION.
### No. 6800.

United States Court of Appeals for the District of Columbia.

Argued Dec. 11, 1936.

Decided Jan. 18, 1937.

Samuel L. Samuel, of Washington, D. C., for appellant.

Heber H. Rice, of Washington, D. C., for appellee.

Before MARTIN, C. J., and VAN ORSDEL and GRONER, JJ.

PER CURIAM.

Appellant in August, 1935, filed in the court below a petition in bankruptcy designed to obtain an extension of five years within which to pay his debts. Section 74 (e) of the act, as amended, 11 U.S.C.A. § 202(e). The petition was approved and referred to the referee. The schedules showed indebtedness to Home Owners'· Loan Corporation of $12,832.80 secured by deed of trust on property in Missouri, together with $566.00 of accrued taxes, and unsecured indebtedness amounting to $42,-961.34. There was the usual first creditors' meeting, at which debtor filed his proposal to creditors to effect an extension of time in which to pay his debts in the following words:

"Now comes John J. Brennan, the above-named debtor, and proposes to give to each of his unsecured creditors his unsecured promissory note for the amount of his, her or its allowed claim, dated September 16th, 1935, payable on or before five years after date, bearing interest at the rate of 6% per annum from September 16th, 1935."

Thereafter debtor filed application for confirmation of his proposal, alleging that "the money necessary to pay all debts which have priority, and the costs of the proceedings, amounting in all to the sum of One hundred dollars, have been deposited with the Referee." Notice to creditors followed, and on the 28th of February, 1936, an order was entered reciting that the proposal had been accepted and that the money and costs required by law to be deposited had been deposited, and that the bankrupt had not failed to perform any of the duties required by the act, and confirming the proposal.

Shortly thereafter—the exact time does not appear—Home Owners' Loan Corporation advertised the mortgaged property for sale, and on the 23d of March, 1936, debtor applied to the District Court for an injunction order to restrain foreclosure. The Loan Corporation answered and moved to dismiss on the grounds that the debtor's extension proposal to his creditors was made to his unsecured creditors only and that no extension of time had been prayed for or granted as to its debt; that debtor was in arrears for a period of 21 months in payment of installments of interest and principal and was likewise in arrears to the extent of $550 in payment of taxes on the property. At the hearing the District Court dismissed the petition, holding that "the only proposal made to creditors by the said John J. Brennan was with respect to unsecured creditors, which proposal was the only one sought to be confirmed and was the only one which was confirmed."

The appeal is from this order.

Section 74(e) of the amended act (title 11, § 202(e), U.S.C.A.) provides: "An application for the confirmation of a composition or extension proposal may be filed in the court of bankruptcy after, but not before, it has been accepted in writing * * * and the money or security necessary to pay all debts which have priority unless waived and the costs of the proceedings * * * have been deposited in such place as shall be designated by and subject to the order of the court."

It is obvious from the record that the debtor did not in fact apply, and did not intend to apply, for an extension of time in reference to secured debts, for his offer was phrased so as to include within its terms only unsecured debts. In addition, there is no showing that the debtor filed with his application a writing showing that the money or security necessary to pay the priority debts had been either waived or deposited. And the contrary of this appears from the fact that his schedules show delinquent taxes on the property in question amounting to more than $500, whereas the amount of the cash deposit is only $100. And this, without a waiver, is obviously insufficient to discharge the tax liability, payment of which is a condition precedent to the confirmation of the extension offer. In re Hoffman (C.C.A.) 82 F.(2d) 58; In re Van Doren (C.C.A.) 79 F.(2d) 859.

We have, therefore, not only a case in which it is clear that the proposal did not contemplate or provide for any change in the status of the secured debts but related wholly to those which are unsecured, but also a case in which the petition to accomplish the extension failed to comply with the express provisions of the law with relation to deposit or waiver of funds to pay priority claims.

In these circumstances the security pledged for the debt to the Home Owners' Loan Corporation was wholly unaffected by the bankruptcy proceedings, and the action of the District Court in refusing to enjoin the proposed sale was clearly right.

Affirmed.