# Terry v. Curd et al.

Oct. 13, 1939.

Richard L. Garnett for appellant.
Richardson & Redford for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—
Affirming.

The appellant, P. L. Terry, was the administrator de bonis non with the will annexed of the estate of J. B. Farris, deceased. On the 28th day of November, 1936, appellant and Dan Curd entered into the following contract or writing signed by "P. L. Terry, Admr.":

"Know All Men by These Presents that P. L. Terry, Administrator of the estate of J. B. Farris, deceased, for and in consideration of the sum of

$——— payable ($50.00) Dollars cash, and the balance thereof upon delivery of a deed for the property hereinafter described, does hereby promise and agree to sell and convey unto Dan S. Curd his heirs and assigns forever, the hereinafter described real estate, being one lot located on Third Street in Cave City, Kentucky, and being eighty-two (82) feet front, and being the property of the late J. B. Farris.

"It is understood and agreed that P. L. Terry is the administrator of the estate of J. B. Farris; and that this sale is made subject to the direction of the heirs of said J. B. Farris; and the deed from the heirs of J. B. Farris will be secured at the earliest possible date, and the balance of the purchase price hereof shall be due and payable upon the delivery of the deed from the heirs of J. B. Farris unto the purchaser hereof, and this conveyance is made subject to the execution of said deed by the heirs of J. B. Farris.

"P. L. Terry as administrator of J. B. Farris covenants and agrees to pay the taxes due and payable, upon said premises in December, 1936, the purchaser to pay all taxes and assessments due and payable thereafter.

"Possession to be given upon execution of the sale bond and the payment of the sum above set out.

"In witness whereof P. L. Terry as administrator of J. B. Farris has hereunto set his hand. This 28th day of November, 1936."

On the same day a like writing was signed for the conveyance of another certain parcel of real estate located in the same town and street and the sum paid on the two contracts aggregated $100.

Subsequent to the execution of the above writings, and before the trade was consummated, Dan Curd died and the appellees, Lizzie Curd and Haydon Curd, were appointed administrators of the estate of Dan Curd, and as such administrators they filed this suit against appellant, individually, and as administrator de bonis non with the will annexed of the estate of J. B. Farris, deceased, to recover of appellant the sum of $100 paid to him by decedent, Dan Curd, on the contracts mentioned above.

It is alleged in the petition in substance that Dan Curd undertook to purchase the lands of J. B. Farris, deceased, mentioned in the contract, and as a part of the consideration therefor, he, Dan Curd, paid the defendant, either individually, or as administrator, the sum of $100, but that Dan Curd did not execute any writing whereby he agreed to purchase the said land, and the defendant, during the lifetime of Curd, did not cause any deed to be executed, acknowledged or delivered to Curd, but that after the death of Curd, the defendant, either individually, or as administrator, or both, produced a deed, which was executed by part of the heirs of J. B. Farris, deceased, and undertook to deliver same to the plaintiffs, but they refused to accept same because there was no enforcible contract for the purchase of the land made by said heirs of J. B. Farris, deceased, and Dan Curd, and that they demanded payment to them the sum of $100 which appellant had received from Dan Curd, which payment was refused by appellant, and prayed to recover that sum of defendant, individually, and as administrator of J. B. Farris, deceased.

By an amended petition, appellees, plaintiffs below, alleged that since the purported agreement of the sale of the land was made subject to the execution of the deed by the heirs of J. B. Farris and subject to the direction of the said heirs, said purported contract was, and is, unilateral and unenforcible.

The defendant filed a demurrer to the petition, and the petition as amended, which demurrer the court overruled. The defendant then moved the court to require the plaintiffs to elect whether they would sue P. L. Terry as an individual or as administrator de bonis non with the will annexed, of the estate of J. B. Farris, deceased. Upon consideration of this motion, the court reconsidered the demurrer to the petition and petition as amended, and modified its orders sustaining the demurrer to the extent of sustaining it as to P. L. Terry as administrator of the estate of J. B. Farris and overruled it as to P. L. Terry, individually. The record disclosed no objection or exception to the court's ruling.

The defendant filed his answer and counter-claim, the first paragraph being a traverse of the material allegations of the petition, and by separate paragraphs, as a counter-claim, he affirmatively pleaded, in sub-

stance, that at the time of the making of the contract with Dan Curd for the sale of the land, Curd knew that it would be necessary to file suit in the Barren circuit court in order to complete the title and secure a deed for the land and that at that time Curd knew that the defendant was acting as agent of the heirs of J. B. Farris, deceased. He further alleged that such suit was instituted and prosecuted to final judgment and that the said real estate was sold at public auction and he, the defendant, executed a sale bond for the land to Curd and Curd accepted the bond with knowledge of all the facts; that defendant secured a deed signed by all the heirs of J. B. Farris, but before the deed was secured and tendered to Curd, the latter died and appellees were appointed executors of his estate and the deed was delivered or tendered to them as such executors of the estate of Curd.

By paragraph three, defendant further alleged that the full purchase price of the land was to be $2,275, $100 of which sum being paid at the time, and that there remained unpaid under the contract the sum of $2,175. He prayed that appellees be required to accept the deed tendered them and further prayed judgment against them in the sum of $2,175 as the balance of the purchase price.

Appellees, plaintiffs below, filed a demurrer to the counter-claim of defendants, and later filed their reply, controverting the allegations of the counter-claim, and pleaded affirmatively that the paper purporting to be a deed did not convey to them a fee simple title to the property, and further pleaded certain other affirmative matters not necessary here to discuss. Thereafter, the court sustained the demurrer of the plaintiffs to the counter-claim, and defendant refusing to plead further, judgment was rendered dismissing the counter-claim and adjudging that plaintiffs recover of defendant the sum of $100, to all of which defendant excepted and prayed an appeal which was granted.

It is first insisted by appellees that the $100 judgment against appellant constitutes the amount in controversy on appeal so far as he is concerned and that the appeal should be dismissed for want of jurisdiction. It must not be overlooked that the judgment of the court goes further than to merely render a judgment against appellant for the sum of $100, since it dismissed the

counter-claim of appellant for $2,175, which is also involved in this appeal as well as the $100 judgment.

Appellant insists that appellees have no right to maintain the action for the $100 paid to him by their decedent, Dan Curd, since he was acting as agent only of the heirs of J. B. Farris, and that the action should have been brought against the Farris heirs. If appellant had alleged that he paid the $100 to his principals, a different situation might have been presented. He admits that he received the $100 payment from Curd, but does not make it manifest that he paid it over to the heirs of J. B. Farris.

It is an established rule that an action may be maintained against an agent alone who receives and retains money paid to him as the agent of another. Moore et al. v. Spicer et al., 249 Ky. 464, 61 S. W. (2d) 5, and cases cited therein.

It is insisted for appellees that appellant has no right to maintain his counter-claim for specific performance of the contract in his name alone without making the heirs of J. B. Farris parties to the action. J. B. Farris died testate and by the terms of his will he provided that except $500 which he devised in trust for the benefit of his wife, all the rest of his property be "divided among my heirs, share and share alike." It is thus seen that at the death of J. B. Farris the title to the land involved vested in his heirs.

Section 18 of the Civil Code of Practice provides that, "Every action must be prosecuted in the name of the real party in interest, except as is provided in Section 21." However, we do not think the exception provided in Section 21 of the Civil Code of Practice applies to the present case.

Appellant seeks by his counter-claim a decree of the court divesting the heirs of J. B. Farris of their title to real estate without giving them an opportunity to make any defense to his alleged agency, if any they have. Counsel cite no authority, nor we know of none, authorizing such action. "Real party in interest," referred to in Section 18 of the Civil Code of Practice, is defined as "one who has actual and substantial interest in the subject matter as distinguished from one who has only a nominal interest."

Whether or not the contract between appellant and

Dan S. Curd is binding and enforcible, we need not here determine. However, we are of the opinion that the heirs of J. B. Farris should have been made parties to the action, since they, as holders of title to the real estate in question, are the real parties in interest, as provided in Section 18 of the Civil Code. These conclusions make it unnecessary to pass upon other questions raised. It follows that the chancellor did not err in sustaining the demurrer to appellant's counterclaim.

Judgment affirmed.

Whole court sitting, except Judge Fulton.