**RALPH D. COHN, Inc. v. TRAWICK.**

**No. 614.**

Municipal Court of Appeals for the District of Columbia.

Aug. 19, 1948.

Rehearing Denied Sept. 1, 1948.

Arthur L. Willcher, of Washington, D. C., for appellant.

George E. C. Hayes, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Plaintiff, a Negro, entered into a contract for the purchase of real estate. Before the contract was finally consummated he learned that the property was subject to a covenant, the purported effect of which was that no sale of the property should be made to a Negro. Thereupon he refused to complete the contract and brought this action to recover from defendant, the broker who negotiated the contract, the cash deposit placed with the broker at time of execution of the contract.

The trial court found as a fact that plaintiff had no knowledge of the covenant until settlement of the contract was in progress. The owner of the property admitted she was a party to and had knowledge of the covenant. Judgment was for plaintiff and this appeal followed.

It is contended that the covenant constituted no cloud on title and therefore furnished no justifiable basis for plaintiff's refusal to complete the contract. This argument is based on two propositions. First, the Supreme Court, in Hurd v. Hodge, 334 U.S. 24, 68 S.Ct. 847, has ruled that covenants of this type are contrary to public policy and will not be enforced by the courts. Second, the covenant by its own terms was to lose its binding effect in the event any of the property described in the covenant was sold to a Negro, and that such event had occurred prior to execution of the contract of purchase in question.

With respect to the ruling in Hurd v. Hodge, that case was not decided by the Supreme Court until May 3, 1948, more than a year after the transaction here involved took place. At the time the contract was signed Hurd v. Hodge was pending in the United States Court of Appeals for the District of Columbia and thereafter that court, following its previous decisions, upheld the validity and enforcement of the covenant. Hurd v. Hodge, 82 U.S.App.D.C. 180, 162 F.2d 233. Assuming the correctness of appellant's argument that the effect of the Supreme Court decision is that such covenants are, and have been since 1866, unenforceable, nevertheless at the time of this transaction plain-

tiff was faced with a line of decisions by the highest court of the District of Columbia upholding such covenants.

With respect to the argument that by the happening of an event prior to the date of the contract the covenant by its own terms had ceased to be binding, and assuming the correctness of this argument, nevertheless the covenant was of record, cessation of its binding effect could be proved only by facts not of record, and it was quite possible that some signers of the covenant might have disagreed with appellant's interpretation of the covenant and sought to enforce it by court action.

█ Under these circumstances we think the seller owed a duty to the buyer to make disclosure of the existence of the covenant. Here the seller offered and contracted to sell to a Negro property which the seller herself had covenanted not to sell to a Negro. Whether such covenant was unenforceable as a matter of law or unenforceable because of the happening of the prior event, the covenant was the source of possible litigation to prevent completion of the contract. The seller knew of the covenant and the buyer did not. In view of the offer to sell to him, the buyer had no occasion to suspect the existence of a covenant making, or attempting to make him ineligible as a purchaser. Certainly the existence of such a covenant was of vital importance to him. He might decide to seek legal advice as to its validity; even though assured of its invalidity he might decide not to buy because of possibility of litigation; and he might decide,

regardless of the validity of the covenant, not to buy a home in a neighborhood where such a covenant existed of record. These were matters for him to decide and not for the seller. The seller was under a duty to disclose to the buyer the existence of the covenant and afford him an opportunity to decide whether under the circumstances he wished to buy. Failure to make disclosure constituted misrepresentation. There is a vast difference between this case and Meckler v. Baugh, D.C.Mun.App., 53 A.2d 695, affirmed, U.S.App.D.C., 168 F.2d 574. In that case the seller made full disclosure of the existence of the covenant and the buyer with knowledge of the covenant signed the contract.

█ The broker also contends that under no circumstances can it be liable for more than one-half of the deposit because the other half was disbursed under the seller's instructions. The contract provided for retention of the deposit by the broker until settlement or forfeiture. In a similar situation we said: "The effect of this provision was to make the broker, so far as the deposit was concerned, an escrow agent. He had no right to surrender the deposit or any part of it to the principal until one of the two named conditions occurred." Metzler v. Iacone, D.C.Mun.App., 55 A.2d 81, 82. Here settlement was never made and no valid forfeiture occurred and the broker breached its duty by disbursing part of the deposit. Whatever may be its right against the seller it is liable to the buyer for the entire deposit.

Affirmed.