## GAUSS v. KIRK.

### No. 997.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 4, 1950.

Decided Dec. 19, 1950.

Rehearing Denied Jan. 9, 1951.

Landon Gerald Dowdey, Washington, D. C., with whom Emmett Leo Sheehan, Washington, D.C., was on the brief, for appellant.

S. Jay McCathran, Jr., Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

324

CAYTON, Chief Judge.

Kirk, who was plaintiff below, sued to recover a $500 deposit he had made toward the purchase of real estate. He named as defendants Frank H. Gauss, the agent who held the deposit, and also the three owners. Service could not be had on the three owners because they were residing outside the jurisdiction and the case proceeded to trial against Gauss alone.

In a written memorandum the trial judge made findings of fact and conclusions of law which have proved helpful in our study of the case. He found, on ample evidence, that the buyer had tendered the purchase price but that the sellers had refused said tender and had prematurely attempted to forfeit plaintiff's deposit. He ordered that the defendant Gauss, who as agent was holding the deposit, pay it over to plaintiff. Gauss brings this appeal.

He says—and this is the only argument he makes here—that the suit should have been dismissed because the sellers were not before the court, not having been served with process. He says such sellers were indispensable parties. With this contention we cannot agree. We rule here as we did in an earlier case that the suing purchaser had a right to judgment against the broker who held the deposit. Metzler v. Iacone, D. C.Mun.App., 55 A.2d 81, 82. There we said, concerning facts which are strikingly like those now before us: "Here the agent at all times retained control of the fund in litigation and surrendered no part of it to the principals. He had it when the sales contract was signed; he had it when the settlement was being attempted; he had it when the deal collapsed and the purchasers rescinded; he had it when the purchasers demanded their refund, and he has it now." We pointed out that the vendors never had the money and were not entitled to it, for the contract provided (as this one does) that the entire deposit should be held by the agent until time of settlement. We commented, as the trial judge did in this case, that it was probably the part of wisdom to have joined the sellers as defendants, but we concluded on the basis of the evidence as it developed at the trial that judgment should have been against the broker only. That ruling is decisive of this case. So is our later decision in Ralph D. Cohn, Inc. v. Trawick, D.C.Mun.App., 60 A.2d 926.

Affirmed.