### GAUSS v. KIRK.
#### No. 10902.

United States Court of Appeals
. District of Columbia Circuit.

Argued Jan. 24, 1952.

Decided June 19, 1952.

Mr. Landon Gerald Dowdey, Washington, D. C., with whom Mr. Emmett Leo Sheehan, Washington, D. C., was on the brief, for appellant.

Mr. S. Jay McCathran, Jr., Washington, D. C., for appellee.

Before WILBUR K. MILLER, FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

A deposit of $500 on the purchase of real estate was made by plaintiff Kirk, appellee here, with the defendant Gauss, appellant, who was agent in the transaction. The proposed vendors were the Bowens. All these persons signed a contract bearing date September 11, 1948, the pertinent terms of which are as follows:

"Washington 11, D. C.,
Sept. 11, 1948.

"Received from Mr. T. H. Kirk a deposit of Five hundred Dollars ($500/-00; to be applied as part payment of the purchase of Lot 1025 in Square 2591, with improvements thereon known as No. 1659 Harvard St. N.W. in the District of Columbia * * *

* * *

"Within 15 days from the date of acceptance hereof by the owner, or as soon thereafter as a report on the title can be secured if promptly ordered, the seller and purchaser are required and agree to make full settlement in accordance with the terms hereof. If the purchaser shall fail so to do, the deposit herein provided for may be forfeited at the option of the seller, in which event the purchaser shall be relieved from further liability hereunder, or without forfeiting the said deposit the seller may avail himself of any legal or equitable rights which he may have under this contract. In the event of the forfeiture of the deposit, the seller shall allow the agent one-half thereof as a compensation for his services to him.

* * *

" * * * Entire deposit to be held by Frank H. Gauss until settlement hereunder is made."

By a writing dated October 6, 1948, the Bowens notified Kirk that because of his failure to comply with the contract they had elected to forfeit the $500 deposit and to terminate his rights. Their attorney thereafter demanded the deposit of Gauss. Kirk, through his attorney, by a writing dated October 13, 1948, had demanded that Gauss return the deposit to him, and thereafter sued for its recovery. The Municipal Court gave judgment to Kirk for the $500, with interest and costs.

The question is whether the Bowens are indispensable parties to Kirk's action.[1] The Municipal Court held they were not. The Municipal Court of Appeals affirmed. 1950, 77 A.2d 323.

The authorities are in conflict. The decision in Maloney v. Aschaffenburg, 1918, 143 La. 509, 78 So. 766 (opinion on rehearing), followed in Francis v. Blache, La.App., 1944, 17 So.2d 29, and in Himel v. Fellman, 1931, 16 La.App. 347, 132 So. 532, strongly supports the view that the vendors, the Bowens here, must be joined even where "it is fairly certain that plaintiff [purchaser who made the deposit] is entitled to the relief he seeks." The full texts of 2 Am.Jur., Agency, § 340, and Restatement of Agency, § 340, lean in the same direction. The reasoning is that the question whether purchaser or vendor is entitled to a deposit claimed by each turns upon which defaulted, and each should be given an opportunity to be heard before judicial disposition of the deposit is made, otherwise factual findings against either should not be made, or, if made, should not be assumed to be correct. Furthermore, there is a general rule that where rights sued upon arise from a contract all parties to it must be joined. Nat. Licorice Co. v. National Labor Relations Board, 1940, 309 U.S. 350 at page 363, 60 S.Ct. 569, 84 L.Ed. 799. See, also, Shields v. Barrow, 1854, 17 How. 129, at pages 139, 140, 58 U.S. 129, at pages 139, 140, 15 L.Ed. 158.

There are, however, cases which give support to the decision below that the Bowens are not indispensable parties. Pan-

1. (a) The appeal to this court was granted under Rule 1 of the Rules of the United States Court of Appeals for the District of Columbia Governing review of cases from the Municipal Court of Appeals for the District of Columbia, 75 U.S.App. D.C. 415, 418. See, also, § 11–773, D. C.Code (1940, Supp. VII).

(b) Though joined as defendants the Bowens were not served, apparently having removed beyond the jurisdiction. Statutory service other than personal within the District of Columbia was not attempted under § 13–108, D.C.Code (1940), nor did the agent invoke the interpleader procedures of either § 13–217, § 11–734, D.C.Code (1940), or 28 U.S.C. § 1335 (Supp. IV, 1951), 62 Stat. 931 (1948), or Rule 22, Rules of the Municipal Court for the District of Columbia (1952). See, also, Rule 67, ibid., modeled after Rule 67, Fed.R.Civ.P., 28 U. S.C.

·coast v. Dinsmore, 1909, 105 Me. 471, 75 A. 43, cited by 2 Am.Jur., Agency, § 340; Terry v. Curd, 1939, 280 Ky. 73, 132 S.W.2d 526; Cassimus v. Vaughn Realty Co., 1928, 217 Ala. 561, 117 So. 180; Jensen v. Miller, 1916, 162 Wis. 546, 156 N.W. 1010; Kenney v. Walden, 1922, 28 Ga.App. 810, 113 S.E. 61. See, also, Eufaula Grocery Co. v. Missouri Nat. Bank, 1898, 118 Ala. 408, 24 So. 389; compare Garrison v. Edward Brown & Sons, 1945, 25 Cal.2d 473, 154 P.2d 377. It is true that in none of these cases does it appear that the principal claimed the deposit in the hands of his agent, as did the Bowens in the case at bar. Nor was such a claim made in Ralph D. Cohn, Inc., v. Trawick, D.C.Mun.App., 1948, 60 A.2d 926, relied upon below. In Metzler v. Iacone, D.C.Mun.App., 1947, 55 A.2d 81, also relied ·upon, no question was raised or decided as to parties. The holding, properly we think, was that the judgment was against the broker alone, though the court characterized the joinder of the vendors as "the part of wisdom."

In Landram v. Jordan, 1905, 25 App.D.C. 291, 300, affirmed, 1906, 203 U.S. 56, 27 S.Ct. 17, 51 L.Ed. 88, quoting from the leading case of Shields v. Barrow, supra, 17 How. at page 139, 58 U.S. at page 139, indispensable parties are described as those who "not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the

controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." See, also, United States v. Aetna Surety Co., 1949, 338 U.S. 306, note 19, at page 382, 70 S.Ct. 207, 94 L.Ed. 171; 65 Harv.L.Rev. 1050 et seq. (1952); and the discussion in Green v. Brophy, 1940, 71 App.D.C. 299, 110 F.2d 539, 9 A.L.R.2d 1, and in Brown v. Christman, 1942, 75 U.S.App.D.C. 203, 210, 126 F.2d 625, 632.

 Moore's Federal Practice, Vol. 3, 2154–5 (2nd ed. 1948), indicates that the true rule as to indispensability calls for a reconciliation of the desirability on the one hand of preventing multiplicity of suits and obtaining a complete and final decree between all interested parties, and, on the other hand, of having some adjudication if at all possible rather than none, leaving the parties remediless because of "an ideal desire to have all interested persons before the court." [2] This is an interpretation of the applicable principles which in the end guides our decision in this case. In applying these criteria we take notice of several special factors incident to the case at bar. No judgment is sought which would reach the funds or properties of the Bowens independent of the deposit itself. This deposit was not made by the Bowens but by the plaintiff who sues to recover it. Though the Bowens have claimed it in a letter to Gauss asserting the alleged default of Kirk, they have not followed with any effort to

2. The indispensable party rule has its origins in equity. Shields v. Barrow, supra, 17 How. at page 139. Rule 19, Fed. R.Civ.P., is based in large part on the old Equity Rules. See Rules of Civil Procedure for the District Courts of the United States and Notes to the Rules, at 238; Federal Rules of Civil Procedure and Proceedings of the American Bar Association Institute, at 44–5 (Chicago 1938). Under equity rules the ·question of indispensability was a discretionary one, Elmendorf v. Taylor, 1825, 10 Wheat. 152, 23 U.S. 152 at pages 166, 167, 6 L.Ed. 289, subject to no prescribed formula, Niles-Bement Co. v. Iron Moulders Union, 1920, 254 U.S. 77 at page 80, 41 S.Ct. 39, 65 L.Ed. 145. See, also, Parker Rust-Proof Co. v. Western Union Tel. Co., 2 Cir., 1939, 105 F.2d 976 at 979, certiorari denied,

1939, 308 U.S. 597, 60 S.Ct. 128, 84 L.Ed. 500.

Though the ordinary case which has arisen since adoption of the Federal Rules of Civil Procedure has been in equity, United States v. Aetna Surety Co., supra, several cases have discussed the principle of indispensability in "law" actions, Greenleaf v. Safeway Trails, 2 Cir., 1944, 140 F.2d 889, certiorari denied, 1944, 322 U.S. 736, 64 S.Ct. 1048, 88 L.Ed. 1569; McRanie v. Palmer, D. C.Mass.1942, 2 F.R.D. 479, thus indicating that, since adoption of the new Rules, the old equity criteria of a party's interest is now applied to "law" actions. The discretion would seem to be present, then, in any form of action brought under the new Federal Rules. See 6 Cyc.Fed.Proc. at 478 (3rd ed.1951), particularly n. 59.

establish the validity of their claim. Furthermore, if it should be true that Kirk defaulted, then the defendant Gauss himself has a one-half interest in the deposit according to the contract. He therefore has an interest in asserting any meritorious defense to Kirk's claim. Moreover, a judgment in the present action would not be *res judicata* as to the Bowens in the absence of service upon them. Green v. Brophy, supra. Because of this Gauss argues that to permit the case against him to proceed to judgment without joining the Bowens might subject him to double liability by reason of a subsequent suit by them. We need not decide whether or not Gauss could be successfully sued by the Bowens after he had paid the deposit in response to a judgment in Kirk's favor. In this connection we note that Gauss has made no effort to avoid the risk of double liability by seeking to interplead the parties or by depositing the fund with the court (see note 1, supra).[3]

We hold that the Bowens do not fall within the indispensable category. In addition to what has been said, the effect on their interest of an adjudication as between Kirk and Gauss is uncertain. To hold the Bowens indispensable would result, if they cannot be summoned, in precluding any adjudication between the parties who are before the court. Moore, supra. In this situation the Bowens should be deemed conditionally necessary but not indispensable parties, and a procedure such as is prescribed by Rule 19(b) of the Rules of the Municipal Court for the District of Columbia, should be followed. This procedure, modeled upon Rule 19(b) of the Fed.R.Civ.P., places the duty on the trial court, if circumstances permit, to summon "persons who ought to be parties if complete relief is to be accorded between those already parties * * *." If circumstances do not so permit, as where such persons are not summonable either by personal service within the District, or otherwise, the court "in its discretion may proceed in the action without making such persons parties * * *."

We conclude that the proper disposition of the appeal is to reverse so that the case may be remanded to the trial court to afford it the opportunity to follow a procedure like that prescribed by its Rule 19. as hereinabove indicated.

It is so ordered.

---

3. While it is the duty of the court itself to protect the absent if they are indispensable, Brown v. Christman, supra, this begs the question of indispensability.