504

Louis Woodson CURTIS, Plaintiff,
v.
AMERICAN BOOK COMPANY,
Defendant.

United States District Court
S. D. New York.
May 25, 1955.

E. Henry Shappiro, New York City (W. Lee Helms, New York City, of counsel), for plaintiff.

Griggs, Baldwin & Baldwin, New York City (Wallen J. Haenlein, New York City, of counsel), for defendant.

WALSH, District Judge.

This is an action by one of two co-authors for a construction of their contracts with defendant publisher. Defendant moves to dismiss the complaint for lack of an indispensable party, the other co-author, who is not a party and cannot be joined without depriving the court of jurisdiction. The motion is granted to the extent of joining the co-author. Although not an indispensable party, he is a necessary party if a court is to give full relief to the present parties. The advantage of his presence will outweigh any disadvantage which may result to the parties from this court's loss of jurisdiction and the necessity for renewing the action in the New York courts.

Plaintiff and his co-author wrote nine music textbooks for school children. These books are published and sold by defendant pursuant to three contracts. The co-authors were to receive jointly as copyright royalties, a percentage of the sales of these books. By an additional clause, each contract provided for the division of the royalty between plaintiff and his co-author in a fixed proportion.

The question of construction presented by plaintiff's action goes to the determination of the sales upon which the royalties are to be computed—whether sales made to public school systems at a special discount are to be treated as "exchange sales" upon which no royalty is to be paid. The resolution of this question will have equal proportionate effect on the payments to each co-author.

If the absent co-author is required to be joined in this action, this court probably will lose its jurisdiction, for both the co-author and defendant are residents of the same state. Parties must be aligned according to their real interest in order to determine diversity. Blacklock v. Small, 1888, 127 U.S. 96, 104, 8 S.Ct. 1096, 32 L.Ed. 70; Hudson v. Newell, 5 Cir., 1949, 172 F.2d 848. Here, although we must await his pleading,* the facts alleged in the complaint show that the co-author's real interest undoubtedly lay with plaintiff at the time of filing suit. Cf. Texas Pac. Coal & Oil Co. v. Mayfield, 5 Cir., 1946, 152 F.2d 956, 957.

Under Rule 19, F.R.C.P., 28 U.S.C.A., persons having an interest in the subject matter of the controversy who are not before the court may be required to join, depending upon the nature of their interests. If a party is indispensable, the court does not have power to proceed in his absence. Rule 19(a); Shields v. Barrow, 1854, 17 How. 129, 130, 139, 15 L.Ed. 158. On the other hand, if a party is conditionally necessary, he must be joined if possible, but the court possesses discretion to proceed in his absence if he cannot be joined without depriving the court of jurisdiction. Rule 19(b). Samuel Goldwyn, Inc., v. United Artists Corporation, 3 Cir., 1940, 113 F.2d 703, 707. Under the applicable tests, the co-author is a conditionally necessary, not an indispensable party.

The co-author is not an indispensable party because a final decree would not, as a matter of law, affect his interest; a determination adverse to plaintiff could not bar similar claim by the co-author if he were not a party. Gauss v. Kirk, 1952, 91 U.S.App.D.C. 80, 198 F.2d 83, 86, 33 A.L.R.2d 1085. Under the contract each co-author is

---

* See Grant County Deposit Bank v. McCampbell, 6 Cir., 1952, 194 F.2d 469, 31 A.L.R.2d 909, wherein a party who was necessary to the suit disclaimed any interest therein, thereby permitting the action to proceed without his presence.

entitled to a definite proportion of the royalties. Each could maintain an action to recover royalties withheld. Beckwith v. Talbot, 1877, 95 U.S. 289, 292, 24 L.Ed. 496; Guth v. Texas Co., 7 Cir., 1946, 155 F.2d 563, 566. Plaintiff is not seeking to increase his share at the expense of co-author. A possible construction of the contract as claimed by defendant would not be a sufficiently adverse effect to make the co-author an indispensable party. McArthur v. Rosenbaum Co. of Pittsburgh, 3 Cir., 1950, 180 F.2d 617, 621; Texas & P. Ry. Co. v. City of New Orleans, 5 Cir., 1947, 159 F.2d 77.

■ The co-author is, however, a conditionally necessary party, since he ought to be joined in order that complete relief may be accorded between the original parties. Greenleaf v. Safeway Trails, 2 Cir., 1944, 140 F.2d 889, 890, certiorari denied 322 U.S. 736, 64 S.Ct. 1048, 88 L.Ed. 1569. Otherwise, complete relief could not be accorded defendant, because it would be faced with the possibility of a subsequent suit on a similar claim by the co-author. The underlying purpose of the rule requiring joinder of conditionally necessary parties, the prevention of multiplicity of litigation, would thus be defeated. See State of Minnesota v. Northern Securities Co., 1902, 184 U.S. 199, 235, 22 S.Ct. 308, 46 L.Ed. 499; Mallow v. Hinde, 1827, 12 Wheat. 193, 196, 6 L.Ed. 599.

■ There is no compelling reason why this suit should continue in this court. Plaintiff, a resident of California, may proceed in the New York state courts with no more difficulty to himself than if he continued here. There is no contention that the statute of limitations would preclude a second suit. Cf. New England Mut. Life Ins. Co. v. Brandenburg, D.C.S.D.N.Y.1948, 8 F.R.D. 151. Nor is this a situation in which there is no court available in which all parties may be joined. Cf. McRanie v. Palmer, D.C.Mass., 1942, 2 F.R.D. 479. Rather, it is a case in which, if there were no joinder of parties plaintiff,

there could be contradictory court orders as to the common obligation of payment running to the two co-authors, See Knox, J., New England Mut. Life Ins. Co. v. Brandenburg, supra, 8 F.R. D. 151, at page 154. The contract could undoubtedly be adapted to meet such a hardship but it seems silly to subject the parties to it unnecessarily. Preservation of jurisdiction, alone, should not impel the court, in the exercise of its discretion, to continue the action here. See Heyward v. Public Housing Administration, D.C.Cir., 1954, 214 F.2d 222, 224.

Co-author Bridgman is to be joined as a third party defendant. Upon his pleading, if appropriate, a motion may be made to realign him as a party plaintiff and to dismiss.

Settle order on notice.