**ALASKA FREIGHT LINES, Inc., Plaintiff,**

v.

**Sinclair WEEKS, Secretary of Commerce, et al., Defendants.**

Civ. A. 2683–55.

United States District Court
District of Columbia.

July 14, 1955.

Alan F. Wohlstetter, Washington, D. C., for plaintiff.

Leo A. Rover, U. S. Atty., Rufus E. Stetson, Jr., Asst. U. S. Atty., Washington, D. C., for defendants.

LAWS, Chief Judge.

Coastwise Line is a common carrier by water operating two cargo services, one, called the "Alaska service", between the Pacific Coast, British Columbia and Alaska, and the second, known as the "Columbia River service", between Portland, Oregon, and Long Beach, California. Because the vessel used in the Columbia River service under a lease to Coastwise was sold to others by the owners, Coastwise substituted one of its vessels from the Alaska service. In order to obtain another vessel for service in the Columbia River so as to release its ship for duty on the Alaska run, it applied to the Federal Maritime Board for charter of a Government-owned vessel under Section 5 of the Merchant

Ship Sales Act of 1946, as amended, 50 U.S.C.A.Appendix, § 1738. After a hearing, the Federal Maritime Board granted the application of Coastwise.

Alaska Freight Lines, Inc., plaintiff here, is a competitor of Coastwise in the Alaska Service. It intervened in the hearing before the Board in order to prevent charter of the vessel to Coastwise. Being unsuccessful, it has now brought suit to enjoin the Secretary of Commerce and the Federal Maritime Board collectively and the members individually from proceeding with the charter of the Government-owned vessel. In substance it alleges the Board has acted unlawfully and beyond the scope of its statutory authority in that: (1) the Board recommended a charter for an 18 months period, although the application was made for from 4 to 6 months and was amended at the hearing to 12 months; (2) it failed to make a finding the Columbia River service would not be adequately served without the additional service of the Government-owned vessel, and did specifically find no inadequacy was shown in the Alaska service; and (3) the rate of charter hire fixed by the Board is below the rate required by statute, thereby giving an unfair competitive advantage to Coastwise. For purposes of this memorandum, plaintiff's allegations are taken as true.

Plaintiff has moved for reconsideration of its motion for a preliminary injunction earlier denied by the Court. Defendants have moved to dismiss the complaint upon three grounds: (1) Coastwise Line is an indispensable party; (2) the United States is an indispensable party; and (3) plaintiff has no standing to bring this suit.

At the hearing before the Court, the evidence showed that an agreement to charter the Government-owned vessel had already been granted to Coastwise when this suit was filed and that pursuant to such agreement the said vessel had been delivered to Coastwise.

What Alaska Freight Lines seeks in effect is therefore a mandatory injunction which would require members of the Federal Maritime Board to cancel the charter to Coastwise. In order to obtain adequate relief to plaintiff, the vessel it now is using pursuant to agreement with defendant would be required to be redelivered to the Federal Maritime Board, or at least Coastwise should be enjoined from using the vessel in competition with plaintiff. Coastwise has not been made a party to these proceedings and the question arises whether under the circumstances Coastwise is an indispensable party.

A party is indispensable or unconditionally necessary, so that an action must be dismissed if it is not joined, if it has an interest in the proceeding which is not distinct and severable, if a final decree cannot be made in the party's absence without having an injurious effect on that interest, if the Court cannot do complete and final justice without affecting the party's interest, or if the final determination of the controversy in the party's absence will be inconsistent with equity and good conscience. Shields v. Barrow, 1855, 17 How. 129, 130, 58 U.S. 129, 130, 15 L.Ed. 158; Brown v. Christman, 1942, 75 U.S. App.D.C. 203, 126 F.2d 625; Green v. Brophy, 1940, 71 App.D.C. 299, 110 F. 2d 539; State of Washington v. United States, 9 Cir., 1936, 87 F.2d 421.

The charter which Alaska Freight Lines seeks to defeat is an important and valuable subsisting contract right of Coastwise unless and until it expires or is terminated. The interest of Coastwise is at least equal to that of defendants, the other party to the charter, and is obviously and inextricably bound up and intertwined with the subject matter of this suit. Any order of the Court to cancel the charter, assuming it would be enforceable in the absence of the party, would impose a serious and deleterious burden on this interest without hearing of the party now enjoying such in-

terest. The Court further notes that a mandatory injunction against Government agents may prove entirely futile; if the Court decides to order surrender of possession of the vessel, the Court might not be in a position to enforce its order.

Basically this is a suit by a third party to annul a contract between two other parties. It is governed by the opinion of the United States Court of Appeals for the District of Columbia in Balter v. Ickes, 1937, 67 App.D.C. 112, 89 F.2d 856, certiorari denied 301 U.S. 709, 57 S.Ct. 941, 81 L.Ed. 1363, where some landowners had attempted to restrain federal officers from acquiring and using certain land as a memorial site after the city of St. Louis had raised its portion of the money and paid it into the Treasury. In finding that a contract was made and executed insofar as the city was concerned, the Court, in holding that the city was an indispensable party, said, 67 App.D.C. at page 115, 89 F.2d at page 859: "* * * before any final decree adjudicating the issues can be entered, all the parties to the contract must be before the court and be given an opportunity to be heard." That the contract was here entered into as a result of or pursuant to an administrative proceeding is only incidental to the basic situation presented that a contract was made between a private party and a Government agency and that a third party now seeks to cancel or hinder that contract without the appearance of the private party. The Court is of opinion no proceedings can be had without the appearance of the private party as well as that of the representatives of the Government.

The cases cited by plaintiff are not contrary to this conclusion. In Gauss v. Kirk, 1952, 91 U.S.App.D.C. 80, 198 F.2d 83, 33 A.L.R.2d 1085, a suit by a purchaser to recover a deposit from a vendor's agent, it was held the vendor was not an indispensable party because no judgment was sought to reach property independent of the deposit by the purchaser, and the effect on the interest of the absent vendor of an adjudication between the parties present was uncertain; here the judgment seeks to reach directly the interest of a party not before the Court. Here, unlike Zwack v. Kraus Bros. & Co., D.C.N.Y.1950, 93 F.Supp. 963, there can be no question the interest of Coastwise is not remote and unsubstantial, but real, material, and of substance. In Waterman S. S. Corporation v. Civil Aeronautics Board, 5 Cir., 1947, 159 F.2d 828, reversed on other grounds 333 U.S. 103, 68 S.Ct. 431, 92 L.Ed. 568, a suit by an unsuccessful applicant for an air route certificate, the Court held the successful applicant was manifestly interested in the judicial review and entitled to be heard, and the Court perhaps rightly should have ordered some service or notice to that party, but found it unnecessary now because it had voluntarily appeared by intervention. In State Airlines v. Civil Aeronautics Board, 1949, 84 U.S.App. D.C. 374, 174 F.2d 510, reversed on other grounds 338 U.S. 572, 70 S.Ct. 379, 94 L.Ed. 353, and in Newtex S. S. Corp. v. United States, D.C.N.Y.1952, 107 F.Supp. 388, affirmed 344 U.S. 901, 73 S.Ct. 285, 97 L.Ed. 696, the interested parties were permitted to intervene, so that the question whether indispensable or necessary parties had not been joined was not presented. Obviously the cases do not mean that a party not subject to process must voluntarily appear in any Court selected by a party to protect its rights if it is not to lose them, a principle unknown in our law.

■ The Court accordingly finds Coastwise is an indispensable party to this suit and has not subjected itself to the jurisdiction of the Court. Plaintiff's motion for reconsideration of its motion for a preliminary injunction must therefore be denied, and defendants' motion to dismiss granted. Other points raised need not be considered.