Angie **BOND**, Gene Hull, Ben Cutler, Jackie Kahner, Joseph Carroll, Charles Peterson, Ralph Flanagan, George Auld, and Morty Levitt, Plaintiffs,

v.

Clyde **HARRIS** as Chairman of Hotelmen's Committee for Hotel Users of Music, Hotel Association of New York City, Inc., H. H. Gerstein as Chairman of the Restaurant League of New York Committee for Restaurant Users of Music, Restaurant League of New York, Inc., Oscar Goodstein, and Benjamin Harriman, Defendants.

United States District Court
S. D. New York.
Oct. 23, 1964.

Drechsler & Leff, New York City, Sidney Orenstein and Bernard Ferster, New York City, of counsel, for defendants.

Godfrey P. Schmidt, New York City, for plaintiffs.

MacMAHON, District Judge.

Defendants move to dismiss the complaint. The allegations of the challenged complaint are summarized in Judge Bonsal's opinion denying an earlier application for a preliminary injunction in this action, 228 F.Supp. 265 (S.D.N.Y. 1964), and there is no need to repeat the alleged facts here.

Plaintiffs enumerate two "causes of action" which, under Rule 10(b) of the Federal Rules of Civil Procedure, are more properly considered three claims:

(1) Defendants have violated Section 302 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 186, by making payment to the Local 802 Steady-Engagement Welfare Fund under the provisions of a so-called "labor contract" which was foisted upon the plaintiffs.

(2) Defendants are interfering with plaintiffs' rights as employers to negotiate their own labor contracts with Local 802.

(3) Defendants have violated the Sherman and Clayton Acts, 15 U.S.C. §§ 1, 2, 15, and 26, by participating in a conspiracy with labor unions to interfere with plaintiffs' businesses and with the relationship between plaintiffs and their clients for the purpose or effect of suppressing competition, restricting access to a free market in musical services, and fixing prices for musical services.

Defendants move to dismiss on five grounds:

(a) Local 802 of the American Federation of Musicians is an indispensable party to this action and is not joined.

(b) Jurisdiction of the alleged controversy is exclusively vested in the National Labor Relations Board.

(c) The court lacks jurisdiction of the second claim under 29 U.S.C. § 159 as alleged in the complaint, and jurisdictional reliance upon 29 U.S.C. § 186 is applicable only with respect to the first claim.

(d) Plaintiffs lack standing to sue for a violation of 29 U.S.C. § 186.

(e) The Norris-LaGuardia Act deprives the court of jurisdiction to grant the relief sought in the complaint.

In Carroll v. Associated Musicians of Greater New York, 316 F.2d 574 (2 Cir. 1963), the plaintiffs (including one of the plaintiffs in this case) sued to enjoin a union from collecting payments similar to those complained of here on the ground that they violated 29 U.S. C. § 186. The complaint was dismissed

for lack of standing because plaintiffs failed to show that they were required to make any of the payments which they challenged. Compare Cutler v. American Fed'n of Musicians of United States & Canada, 316 F.2d 546 (2 Cir.), cert. denied, 375 U.S. 941, 84 S.Ct. 346, 11 L. Ed.2d 272 (1963), where the court upheld the plaintiffs' (including four of the plaintiffs here) claim that they were forced to make payments which were illegal under 29 U.S.C. § 186. As plaintiffs here do not allege that they were forced to make these payments, it appears that the case is like Carroll. Therefore, plaintiffs' first claim must be dismissed for lack of standing.

In their second and third claims, plaintiffs seek to enjoin defendants from continuing to deal with the union under a collective bargaining agreement. It is claimed that defendants' dealings with the union (a) constitute a tortious interference with plaintiffs' rights as the employers to deal exclusively with the union, and (b) restrain trade in violation of the antitrust laws, i. e., "defendants * * * collaborate, conspire, or combine with a labor union * * * for the purpose, with the direct result, of suppressing competition in the field of musical entertainment. * * *"

The relief sought under both the second and third claims would effectively destroy a collective bargaining relationship which has existed for many years, necessarily impairing the rights of the union which has not been made a party to this suit. However viewed, either as a common law tort or a conspiracy violative of the antitrust laws, the wrong alleged is the making and performance of a contract between defendants and third parties who have an interest in the agreement and its continued performance.

Years ago, the Supreme Court defined "indispensable parties" as:

" * * * Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience.

"A bill to rescind a contract affords an example of this kind. For, if only a part of those interested in the contract are before the court, a decree of rescission must either destroy the rights of those who are absent, or leave the contract in full force as respects them; while it is set aside, and the contracting parties restored to their former condition, as to others. * * * " [1]

In a factual situation quite like that now before this court, it has been held:

"This is not a suit by one of the parties to the contract, seeking to annul it, but by third parties, asserting a somewhat questionable interest, who attempt to defeat the carrying out of the agreement. It follows, we think, that before any final decree adjudicating the issues can be entered, all the parties to the contract must be before the court and be given an opportunity to be heard." [2]

In a more recent case involving a failure to join a party to a challenged contract, the court said:

"Basically this is a suit by a third party to annul a contract between other parties. * * * [A] contract was made between a private party and a Government agency and * * * a third party now seeks to cancel or hinder that contract without the appearance of the private party. The Court is of opinion no proceedings can be had without the appearance of the private party as

1. Shields v. Barrow, 58 U.S. [17 How.] 130, 139–140, 15 L.Ed. 158 (1854).

2. Balter v. Ickes, 67 App.D.C. 12, 89 F.2d 856, 859, cert. denied, 301 U.S. 709, 57 S.Ct. 941, 81 L.Ed. 1363 (1937).

well as that of the representatives of the Government." [3]

We agree with the reasoning of these cases and hold that the union is an indispensable party to plaintiffs' second and third claims.

We, therefore, grant defendants' motion to dismiss the complaint for lack of standing to sue and for failure to join an indispensable party. In view of this disposition, it is unnecessary to pass on defendants' other arguments.

So ordered.

3. Alaska Freight Lines, Inc. v. Weeks, 18 F.R.D. 64, 66 (D.C.D.C.1955).