**Nathan HABIB, Appellant,**

v.

**Mary J. MILLER, Appellee.**

**No. 5981.**

District of Columbia Court of Appeals.

Submitted Oct. 20, 1971.

Decided Nov. 30, 1971.

Herman Miller, Washington, D. C., for appellant.

Fred C. Sacks, Washington, D. C., for appellee.

Before FICKLING, GALLAGHER and REILLY, Associate Judges.

FICKLING, Associate Judge.

This is an appeal from a jury verdict awarding appellee (the purchaser) $500—an amount equal to a deposit she made on the purchase of property owned by appellant (the seller). We affirm.

On July 1, 1969, the purchaser signed a contract for the purchase of real estate owned by the seller and listed for sale with Contex Realty. The instrument was a printed form with various terms inserted by typewriter. Among these typewritten terms was a provision that settlement be made within "45" days and that "the contract is contingent upon the purchaser's full inspection and approval of the property." Paragraph 14 provided:

> The entire deposit shall be held by Contex Realty, Agent until settlement hereunder is made or until the deposit is forfeited. In the event of the forfeiture of the deposit, the Agent shall retain one-half thereof as a compensation for his services and shall pay to the seller the remaining one-half of the forfeited deposit.

"Contex Realty" was typewritten in a blank space provided in the above-quoted printed paragraph. The purchaser delivered to Contex Realty, through its agent, Mr. Antignani, a check for $500 payable to the order of Contex Realty. Thereafter, and prior to the purchaser's full inspection and approval of the property, Contex Realty endorsed said check to a settlement firm known as Dolphin and Evans Settlements, Inc.

After engaging in what she described as several futile attempts to make a full inspection of the property, the purchaser on July 30, 1969, informed Mr. Antignani that she was not satisfied with the property and would not go to settlement. The following day the attorney for the purchaser sent a letter to the seller demanding the return of the deposit. This suit followed the seller's refusal to refund the deposit.

The only issue presented that merits a discussion is whether the trial court lacked jurisdiction because the purchaser failed to join Dolphin and Evans as an indispensable party. The seller's argument is based on the fact that subsequent to the execution of the contract by the purchaser, the name of the agent was changed from "Contex Realty" to "Dolphin and Evans" by the seller, who initialed the change. Although the purchaser did not initial the change, she testified that she was aware of it and did not object to it. An employee of Dolphin and Evans testified that the firm had received the purchaser's $500 check and had deposited the check in a trust account pending the outcome of the instant litigation. He further testified that the firm would pay the money to whomever the court directed. There is no evidence that Dolphin and Evans claimed any interest in the deposit. It is contended that since Dolphin and Evans, rather than the seller, was in possession of the $500, it was an indispensable party. We do not agree since possession is not the test of when a party is indispensable.

The United States Supreme Court in construing Federal Rule of Civil Procedure 19, which is identical to Superior Court Civil Rule 19, has stated:

Whether a person is "indispensable," that is whether a particular lawsuit must be dismissed in the absence of that person, can only be determined in the context of particular litigation. * * * [Footnote omitted.] [Provident Tradesmens

Bank & Trust Co. v. Patterson, 390 U.S. 102, 118, 88 S.Ct. 733, 742, 19 L.Ed.2d 936 (1968).]

Superior Court Civil Rule 19(a) provides that a party should be joined "if feasible" when:

* * * (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. * * *

It is clear from this record that Dolphin and Evans does not come within the provisions of the above-quoted rule. First, complete relief can be accorded the parties to this litigation because the purchaser seeks to recover the deposit paid to the seller through his agent, Contex Realty. Under well established principles, "payment made to an agent having authority to receive or collect payment is equivalent to payment to the principal himself." 3 Am. Jur.2d Agency § 265 at 629 (1962). Second, the transfer of the deposit to Dolphin and Evans was made before the purchaser had agreed to accept the property. It is undisputed that Dolphin and Evans also occupied the position of agent for the seller and that it claims no interest in the deposit. In these circumstances it is well established that the firm was acting as an agent of the seller. Restatement (Second) of Agency § 14D, comment *c* at 68, and § 339, comment *h* at 100 (1957). Thus, the purchaser's election to sue the seller for return of the money paid to his agent was proper and the trial court's ruling that Dolphin and Evans was not an indispensable party was correct.

The seller's reliance upon Gauss v. Kirk, 91 U.S.App.D.C. 80, 198 F.2d 83 (1952), is misplaced. There the purchaser sought to recover a deposit from the agent in which the seller claimed an interest. In the instant case and in *Gauss* the agent holding the deposit claimed no interest.

We have carefully examined the other points raised by appellant and find them to be fact questions which were properly submitted to the jury.

Affirmed.