E. W. Bailey & Co., *v.* Groton Mfg. Co. et al.

Geo. C. Bailey, Surviving Partner of E. W. Bailey & Co. *v.* Citizens Savings Bank & Trust Co. et al. Intermediate Petition.

May Term, 1943.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion filed October 5, 1943.

*Witters & Longmore* for the defendant.

*George L. Hunt* for the plaintiff.

BÚTTLES, J. On March 29, 1926, the Woodsville Guaranty Savings Bank of Woodsville, N. H., hereinafter called the Woodsville Bank, the Citizens Savings Bank and Trust Co. of St. Johnsbury, Vt., hereinafter called the Citizens Bank, and E. W. Bailey & Co. of Montpelier, Vt., entered into an agreement with the Groton Manufacturing Co. of Groton, Vt., hereinafter called the Groton Company, and with each other, for the purpose of relieving the financial distress in which the Groton Company found itself. In accordance with the terms of this agreement the Woodsville Bank on the same day advanced the sum of $5602.78 to pay taxes of the Groton Company that were then in arrears, and as security therefor took a second mortgage upon certain timber lands and other property of that company. Also pursuant to such agreement E. W. Bailey & Co. loaned to the Groton Co. the sum of $4500 for which it received the latter's promissory note payable to E. W. Bailey & Co., or order. Also in compliance with the agreement the Citizens Bank gave the Groton Co. its treasurer's check for $4500 receiving in exchange the latter's promissory demand note for the same amount. As security for these two notes the Groton Co. duly executed its mortgage, as agreed, running to the Citizens Bank as trustee for itself and for E. W. Bailey & Co. This instrument was a third mortgage on the aforesaid timber land of the Groton Co. and also covered certain other property including its mill and the machinery therein, subject to a prior mortgage to one Bartlett. The mortgage to the Citizens Bank as trustee was accepted and caused to be recorded by it. Both the notes secured thereby were dated March 29, 1926.

On July 3, 1926, the mill and machinery of the Groton Co. were destroyed by fire, and on August 26, 1926, the $4500 treasurer's check issued to it by the Citizens Bank not having been presented for payment, the bank stopped payment of the check and has never paid it. On Sept. 23, 1926, the suit to which the petition now before us is subsidiary was commenced and receivers were appointed by the Chancellor for the Groton Company. This receivership still continues, with a co-receiver who was later appointed because of the death of one of the original appointees.

The petition now before us for consideration is dated August 10, 1938, and was served on the Citizens Bank, together with the subpoena thereto attached on August 26, 1938. It is therein

prayed that the Citizens Bank, the Woodsville Bank and the receivers make discovery and disclosure concerning all transactions and matters referred to in the petition; that the Citizens Bank be directed to pay to the petitioner as surviving partner of E. W. Bailey & Co. "as a settlement of said forty-five hundred dollar matter, one half of said amount with interest thereon from March 29, 1926"; and that other and further appropriate relief be granted. To this petition the bank demurred upon the grounds (1) that the petitioner's alleged claim is barred by the statute of limitations; (2) that a plain, adequate and complete remedy at law exists; and (3) that a court of equity is without jurisdiction of the cause of action set forth. The demurrer being overruled, *pro forma,* upon hearing, and exceptions being granted thereto, the cause comes to this court before final judgment under P. L. 2072 and No. 34 of the Acts of 1941.

That in this State the statute of limitations applies, at least by analogy, to equitable as well as to legal remedies is not questioned. *Scully* v. *Dermody,* 110 Vt 422, 427, 8 A2d 875; *Robinson* v. *Missisquoi R. R. Co.,* 59 Vt 426, 435, 10 A 522; *Collard's Admr.* v. *Tuttle,* 4 Vt 491, 492, 24 Am Dec 627. It is equally well settled that in Vermont the statute of limitations may be availed of by demurrer when the objection appears on the face of the bill. *Scully* v. *Dermody, supra; Hall* v. *Windsor Sav. Bank,* 97 Vt 125, 136, 121 A 582, 124 A 593; *Wilder* v. *Wilder,* 82 Vt 123, 129, 72 A 203. Here it appears that the asserted cause of action accrued nearly twelve years prior to the commencement of the petitioner's action. The petitioner contends, however, that the statute has not run because his claim is one made by a *cestui que trust* against the trustee of a valid express trust.

It is not questioned that the mortgage itself together with the petition and the demurrer constitute a sufficient writing to meet the requirements of P. L. 2598 regarding the creation of whatever express trust in lands may have been thereby created. It is clearly the law in this State that as between the trustee and *cestui que trust,* in the case of an express or direct trust, the statute of limitations has no application unless the trustee has repudiated the trust and claims the trust estate adversely, and such repudiation and adverse claim have been brought to the knowledge of the *cestui que trust* after the latter is *sui juris* and the connec-

tion is so wholly at an end as to indicate that the *cestui que trust* is no longer controlled by the influence proceeding from the trustee, which existed during the continuance of the trust. *Drake* v. *Wild*, 65 Vt 611, 614, 27 A 427; *Bigelow* v. *Catlin*, 50 Vt 408; *Hall* v. *Windsor Sav. Bank*, 97 Vt 125, 145, 121 A 582, 124 A 593. But it is perfectly apparent that a trustee and a *cestui que trust* who is *sui juris* and could not be presumed ever to have been subject to the influence of the trustee, might have transactions with each other, entirely independent of the trust relation, with respect to which the application of the statute of limitations would be unaffected by the above stated rule.

It is necessary here to consider the scope of such trust as was contemplated and created by these parties and whether the matter here complained of was within that scope. It has been said that in the broadest sense any confidence reposed by one man in another is a trust; but we cannot admit this as a criterion of trusts cognizable in equity. If one lends another a sum of money, there is confidence reposed that it will be faithfully restored. So if one man deposits with another his goods and chattels to keep for him, and to be restored whenever they are required, this is a species of trust and confidence. The instances of such trusts might be multiplied to a great extent. *Murray* v. *Coster*, 20 Johns. NY 576, 11 Am Dec 333. But we are here concerned only with a trust cognizable in equity. We perceive nothing in the statements of the petition, which are admitted by the demurrer, or elsewhere in the record before us which indicates the creation of any such trust other than that created by the giving and acceptance of the trust mortgage.

The agreement of March 29, 1926, appears to have been an oral and informal contract which contemplated its immediate fulfilment. Under its terms the Citizens Bank as an individual but not as trustee, since it had not yet by accepting the trust mortgage commenced to act as such, assumed an obligation to the Groton Company and also to the other parties to the agreement. But it does not appear that anything therein contained increased the trust duty which the trustee thereafter assumed by accepting the trust mortgage. Undoubtedly that duty required it to use due diligence for the protection of the interests of the *cestuis que trustent* in the security and to take such steps for such protection, by foreclosure or otherwise, as circumstances at any time might require. If the

Bailey note was left with the bank for collection of interest and principal it of course owed a duty with respect thereto, either individually or in its capacity as trustee or both.

In the case of a bond issue secured by a trust mortgage which required the trustee to endorse upon each bond a certificate of certain facts it has been held that a false certification did not constitute a breach of the trustee's *trust* duty to one who later purchased some of the bonds, since at the time of the certification the plaintiff had not become a *cestui que trust. Doyle* v. *Chatham and Phenix Nat'l Bank,* 253 NY 369, 171 NE 574, 71 ALR 1405, 1410. There is authority contra, see annotations in 57 ALR 468, and 71 ALR 1413, and we express no opinion as to the correctness of the holding in the Doyle case. It seems clear, however, that in the present case the trustee's *trust* duty did not include its obligation to contribute to the mortgage debt and participate therein in fulfilment of its contract made before the inception of the trust, and we so hold. Moreover it would seem that the value of the security was increased rather than diminished by the bank's failure to contribute. The smaller the debt the more ample the security would naturally be.

The petitioner invokes the maxim that equity regards and treats that as done which in good conscience ought to be done, and contends that applying this maxim we should treat the $4500 contribution which the bank agreed to make as having been made and the same amount as having been repaid into a trust fund in the hands of the trustee. It is true that this has been said to be a favorite maxim of equity and it is the basis of much of the jurisdiction of equity, but no authority is cited and we know of none that would warrant its application to the circumstances here existing. The loan in this case being made for the purpose of furnishing the Groton Company with working capital its immediate repayment was not contemplated. That is to say the "ought" of its obligation was not of the immediate and imperative character contemplated by the maxim. Furthermore the obligation of repayment remained purely hypothetical. The Groton Company ought to repay the bank's part of the loan if it should be made, but as a matter of fact that part of the loan never was made. Again, repayment, if made in accordance with the terms of the note, would have been made to the bank in its individual capacity.

The petitioner further contends that the petition is based upon rights concerned in the receivership, that because of such receivership such rights are not barred by the statute of limitations and that relief can be afforded the petitioner under his prayer for general relief. We are unable to perceive how the appointment of receivers could have had any effect upon the rights of this petitioner unless it might be that the Groton Company had a cause of action against the Citizens Bank because of its failure to contribute and that there was a duty cast upon the receivers by the order of the court appointing them, or by other order, to enforce that cause of action, and that the rights of this petitioner were incidentally involved therein.

The issues now before us are the narrow ones presented by the demurrer to the petition which is incidental to the main case. The subpoena attached to the petition appears not to have been served upon the receivers and it does not appear that they had opportunity to be heard or that the claim now made was urged in the court of chancery. Under these circumstances we would not be warranted in now attempting to adjudicate this contention. We remark in passing, however, that it is the general rule that in ordinary actions brought by a receiver in his official capacity to recover upon an obligation or demand due to the person or estate which has passed under the receiver's control, the defendant may avail himself of any matter of defense which he might have urged had the action been brought by the original party instead of by his receiver. High on Receivers, 4th ed Sec. 245; Beach on Receivers, 2nd ed Sec. 704 p. 751; Pomeroy, Equitable Remedies, 3rd ed Sec. 186.

It is unnecessary to consider the other grounds of the demurrer.

*Judgment reversed, demurrer sustained and petition dismissed.*