Ernest T. EILAND and John H. Eiland, trading as Eiland Brothers, Appellants,

v.

Sylvester S. ROBINSON and Annie Lee Robinson, Executors of the Estate of Sandolphra Robinson, deceased, Appellees.

No. 1563.

Municipal Court of Appeals
District of Columbia.
Argued Nov. 1, 1954.
Decided Nov. 30, 1954.
Rehearing Denied Dec. 20, 1954.

George B. Parks, Washington, D.C., with whom James W. Cobb, Washington, D.C., was on the brief, for appellants.

Andrew W. Carroll, Washington, D.C., for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Sandolphra Robinson, who will hereafter be referred to as the plaintiff,[1] signed an offer to purchase certain real estate owned by one Kelley, and delivered the offer and a deposit of $500 to Ernest and John Eiland, real estate brokers, who will be hereafter referred to as the brokers. They presented the offer to Kelley who accepted it on four specified conditions. The brokers presented the conditional acceptance to Robinson, who in turn agreed to it on an additional condition. Robinson's conditional acceptance was returned by the brokers to Kelley on or about April 10. On April 14 Robinson wrote to the brokers, stating that because certain contemplated improvements to the property could not be made, he could not "go through with the contract." Thereafter Robinson brought this action against the brokers and Kelley for return of the deposit. Kelley died before he was served with process and, according to the statement of proceedings and evidence, plaintiff "took a voluntary non-suit against Kelley" and the case went to trial against the brokers alone. From a judgment against them the brokers have appealed.

The trial court found (1) that Kelley did not accept Robinson's original offer, but submitted a counteroffer; (2) that Robinson did not accept the counteroffer, but submitted a new offer; (3) that Robinson never received a copy of his new offer bearing the acceptance of Kelley; and (4) that Robinson on April 14 withdrew his offer. The court concluded as a matter of law that since Robinson's offer was withdrawn before acceptance, no binding contract came into existence and that Robinson was therefore entitled to recover his deposit from the brokers.

■ The brokers contend that the trial court was in error in finding that Robinson withdrew his final offer before acceptance by Kelley. We think there was ample support in the record for this finding. The only evidence of acceptance by Kelley was the testimony of one of the brokers that Kelley initialed the offer under Robinson's signature, but this witness admitted he did not personally see this done. If Kelley did initial the offer there is no testimony as to the time he did so, and thus it may have been after the offer was withdrawn. Moreover, the brokers admitted that they never gave Robinson notice that Kelley had accepted and there was no evidence that Kelley gave such notice. On the evidence presented we cannot hold that the trial court was in error in finding that the offer was withdrawn before acceptance. It is true that after withdrawal of his offer, some of Robinson's conduct was consistent with the existence of a contract. Such conduct, however, did not conclusively establish a contract. It was merely evidence to be considered in connection with all the other evidence on the question whether there was a binding contract between the parties.

■ The brokers also contend it was error to award judgment against them for the full amount of the deposit, because prior to institution of suit Kelley had declared the deposit forfeited and they had paid one-half of the deposit to him. The deposit was placed with the brokers on the condition it was to be held by them "until settlement hereunder is made." When the brokers acted on Kelley's claim of forfeiture they did so at their own risk.

■ In connection with the above it should be noted that Kelley was properly made a party to this action. He was a conditionally necessary but not indispensable party.[2] On his death his estate should have been substituted. This was not done and without objection the case proceeded against the brokers alone. Failure to join a necessary but not indispensable party may be waived.[3]

Affirmed.

1. Robinson died after trial and the executors of his estate were substituted as parties plaintiff.

2. Gauss v. Kirk, 91 U.S.App.D.C. 80, 198 F.2d 83, 33 A.L.R.2d 1085; Young v. Kaminetzky, D.C.Mun.App., 102 A.2d 574.

3. Moore's Federal Practice (2d ed.), Vol. 3, § 19.19; Barron and Holtzoff Federal Practice and Procedure, Vol. 2, § 518.