**Osie BAGBY, Appellant,**

v.

**Mabel HONESTY, Appellee.**

No. 2295.

Municipal Court of Appeals for the District of Columbia.

Submitted Nov. 24, 1958.

Decided March 20, 1959.

Bartholomew B. Coyne, Washington, D. C., for appellant.

Philip W. Thomas, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

This is an appeal from a judgment for possession of real estate entered in favor of appellee.

The facts as evidenced by the record are: Appellee filed a complaint for possession of the property alleging that appellant was holding it without right.[1] The property had been owned by one Susie E. Bagby at the time of her death; she left no will and was survived by her husband, who is appellant, several brothers and sisters and children of brothers and sisters who had predeceased her. No children were born as a result of the marriage and her father and mother predeceased her. Appellee is one of two children of a sister of the decedent who predeceased her. Appellant admitted being in possession of the property but defended on the ground that appellee as only one of the co-owners could not maintain the suit and that he (appellant) had title to the property because during the lifetime of his wife he had made payments on the mortgage, paid the taxes and kept the property in repair. He did not file a plea of title or furnish an undertaking as required by Code 1951, § 11–738 and Rule 5 of the Landlord and Tenant branch.

If the above were the complete record in the case we would have no discretion except to affirm the finding and judgment of the trial court in awarding possession to appellee. As decedent died intestate, left no children or descendants of children, nor father or mother, appellee as a child of one of the deceased sisters of decedent, became a tenant in common with

---

1. Code 1951, § 11–735 (Supp. VI).

the other heirs[2] and accordingly had the right to maintain the proceedings in her own name.[3] Since decedent died prior to the effective date of Code 1951, § 18–101 et seq. (Supp. VI) appellant had no interest in the property and, as we have seen, did not properly raise the question of title in any event.

However a different situation prevailed when the court heard argument of counsel on the memoranda of law submitted at its request at the conclusion of the trial. At the hearing, as appears in the record, appellant, since the trial, had received a deed from a brother of the decedent, conveying to him his undivided interest in the property. His counsel made an oral motion "to reopen the evidence" in order to introduce the deed in evidence. The court denied the motion and made a finding for appellee for possession. Appellant then made a written motion "to set aside finding and for a new trial." His principal contention in this motion was the same as argued on the oral motion, namely, that the court should reopen the case and receive in evidence the deed purporting to convey to him the undivided interest of one of the co-owners. With this motion he tendered the deed in question; the court denied this motion and entered judgment for possession in favor of appellee.

■ While rather inaccurately stated, as we see it, what counsel for appellant was in effect asking the court to do was to permit him to amend his defense by filing a plea of title, predicated upon the interest in the property he had acquired after the trial. We feel the court should have permitted appellant to do so. Under the circumstances to permit the judgment for possession to stand could well lead to an anomalous situation. If appellant's deed is a valid one he is a co-owner with the appellee and the other heirs of the decedent.

He therefore would have just as much right to occupy the property as the other owners, including the appellee, as each tenant in common is equally entitled to possession of the common property and none is entitled to exclusive possession as against the others. Such right could be maintained in the District Court and the execution of the judgment for possession of the Municipal Court would have to be enjoined.[4]

We feel the proper solution of this controversy is to permit appellant to amend his defense by filing a plea of title; of course he will have to comply with the statute and the rule herein mentioned and in that event the case will be certified to the District Court for appropriate proceedings.

Reversed with instructions to set aside the judgment and to grant appellant leave to file a plea of title.

2. Code 1951, § 18–101.

3. Code 1951, § 16–510.

4. Counsel for appellant states in his brief that an action for partition of the property has been filed by appellant in the District Court.