SHANNON & LUCHS COMPANY,
Appellant,

v.

Alberta JETER, Appellee.

SHANNON & LUCHS COMPANY,
Appellant,

v.

Paul PETERSON, et al., Appellees.

Nos. 82–452, 82–687.

District of Columbia Court of Appeals.

Argued March 10, 1983.
Decided Oct. 24, 1983.

Richard W. Luchs, Washington, D.C., with whom Robert D. Goodrich, Washington, D.C., was on briefs, for appellant.

Frank E. Howard, Washington, D.C., for appellee Peterson.

Ronald S. Safer, Washington, D.C., LS # 3365, with whom Richard D. Carter, Washington, D.C. (Supervising Atty.), was on briefs, for appellees, Jeter, Smith and Fletcher.

C. William Tayler, Washington, D.C., with whom Thomas Hylden and Kathleen Gibbons, Washington, D.C., were on briefs, for Washington Gas Light Co. as amicus curiae.

Before NEWMAN, Chief Judge, and MACK and BELSON, Associate Judges.

MACK, Associate Judge:

Appellant Shannon and Luchs Company, a real estate management firm, was appointed by the court pursuant to the "Prohibition of Electric and Gas Utility Service Termination to Master-Metered Apartment Building Act of 1980" (the Act), D.C.Code § 43–543 (1981), to serve as receiver for several apartment buildings, due to the landlord's failure to pay the utility bills for these dwellings. According to the court's appointment orders, appellant's duties were limited to "collect[ing] all rents and payments for use and occupancy forthcoming from the tenants of the [subject] apartment buildings," "pay[ing] ... Washington Gas Light Company the amount due for gas supplied to the apartment houses on and after the effective date of [the] order," "deduct[ing] from the rent collected any costs incurred," and paying any remaining amounts to the landlord. In order to obtain rental payments from some tenants, appellant instituted actions for possession in Landlord and Tenant court. The trial court found that because the receiver was appointed only to collect rents and not to manage or operate the buildings in any way, the action for possession was outside appellant's mandate and dismissed the action.

The sole issue presented on appeal is whether a receiver appointed by the court pursuant to the Act to collect rents may maintain a summary suit for possession in the Landlord and Tenant Branch of the Superior Court against a tenant who fails to pay rent. We hold that a receiver may bring such summary suit if the landlord is joined as an indispensable party-plaintiff pursuant to Super.Ct.Civ.R. 19(a).

## I.

The "Prohibition of Electric and Gas Utility Service Termination to Master-Metered Apartment Buildings Act of 1980," D.C.

Code § 43–541 et seq. (1981) was enacted to achieve a dual purpose. One objective was to protect tenants living in master-metered apartment houses[1] from loss of utility service because of a landlord's failure to pay the utility bill. The second objective was to protect utility companies from nonpayment for services they are required to provide. See Report, Committee on Public Services and Consumer Affairs, Bill 3–186 at p. 2. In order to assure continued utility service to tenants who are dutifully paying their rents, the Act mandates that utility companies provide services to such apartment houses even when the account is unpaid. In place of the remedy of termination of service, the receivership remedy was established. When an account is delinquent, therefore, utility companies may seek court approval for the appointment of a receiver to collect the tenants' rents and pay the current utility bills on the apartment house. After such payment is made, the receiver receives reasonable fees and costs and any monies remaining thereafter are turned over to the owner, agent, lessor or manager. D.C.Code § 43–543(a)(4) (1981). Further, under § 43–543(d), any owner who "collects or attempts to collect any rent or payment for use and occupancy from any tenant" is in contempt of court. In order to enable the receiver to carry out its court-ordered duties, the Act authorizes the receiver:

> to take such action as it deems necessary to collect all rents or payments for use and occupancy from the tenants of the apartment house in question in place of the owner, agent, lessor or manager. (Emphasis added.)

D.C.Code § 43–543(a)(4) (1981). The question presented to this court is, in essence, whether "such action" includes the summary proceeding of a suit for possession under D.C.Code § 16–1501 (1981).

D.C.Code § 16–1501 (1981) provides:

---

1. A master-metered apartment house is a building consisting of three or more residential units for which an owner, agent, lessor or manager of the apartment house is billed directly for service, and that owner, agent, lessor or manager is not the sole occupant of the building. D.C.Code §§ 43–541(1) and –543(a)(1) (1981).

When a person detains possession of real property without right, or after his right to possession has ceased, the Superior Court of the District of Columbia, on complaint under oath verified *by the person aggrieved by the detention,* or his agent or attorney having knowledge of the facts, may issue a summons to the party complained of to appear and show cause why judgment should not be given against him for possession. (Emphasis added.)

This statute requires that a suit for possession be maintained by the "person aggrieved by the detention." Appellees contend that appellant, as receiver for the landlord, is not the person aggrieved by the tenants' unlawful detention and therefore lacks standing to sue under this statutory provision.

Further, D.C.Code § 16–1503 (1981) provides:

When, upon a trial in a proceeding pursuant to this chapter, it appears that the *plaintiff is entitled to possession of the premises,* judgment and execution for the possession shall be awarded in his favor, with costs; and *if the plaintiff* becomes nonsuit or *fails to prove his right to the possession,* the defendant shall

have judgment and execution for his costs. (Emphasis added.)

On its face, this statute provides that the plaintiff can only receive a judgment if he is entitled to the premises. Appellees, therefore, alternatively contend that even if appellant is a proper party to bring this suit it is not entitled to the premises and therefore cannot receive a judgment.

■ The issue is not a simple one, and we are under a duty to read these three code provisions in such manner as to give effect to the language and intent of all, if possible. *District of Columbia v. Smith,* 329 A.2d 128, 130 (D.C.1974).

## II.

We turn first to the question of whether appellant is a "person aggrieved" within the meaning of the possessing statute. In 1898, the Supreme Court, construing the District of Columbia statute which detailed the process for recovery of possession of land,[2] held that "in order to sustain this form of proceeding, the conventional relation of landlord and tenant must exist, or have existed between the parties." *Willis v. Eastern Trust & Banking Co.,* 169 U.S. 295, 309, 18 S.Ct. 347, 353, 42 L.Ed. 752 (1898). The law in this jurisdiction was subsequently amended,[3] giving the right to sue to "the

2. Revised Statutes of the District of Columbia Chapter 19, § 684 (reenacting Chapter 243, § 2 of act of Congress of July 4, 1864; 13 Stat. 383) (1873–74) reads:

When forcible entry is made, or when a peaceable entry is made and the possession unlawfully held by force, or when possession held without right, after the estate is determined by the terms of the lease by its own limitation, or by notice to quit, or otherwise, on written complaint on oath *of the person entitled to the premises,* to a justice of the peace, charging such forcible entry or detainer of real estate, a summons may be issued to a proper officer, commanding the person complained of to appear and show cause why judgment should not be rendered against him. (Emphasis added.)

3. D.C.Code § 11–735 (1940) provides:

Forcible entry and detainer—Definition—Summons—Procedure.

Whenever any person shall forcibly enter and detain any real property, or shall unlaw-

fully, but without force, enter and unlawfully and forcibly detain the same; or whenever any tenant shall unlawfully detain possession of the property leased to him, after his tenancy therein has expired; or any mortgagor or grantor in a mortgage or deed of trust to secure a debt shall unlawfully detain the possession of the real property conveyed, after a sale thereof under such deed of trust or a foreclosure of the mortgage, or any person claiming under such mortgage or grantor, after the date of the mortgage or deed of trust, shall so detain the same; or a judgment debtor or any person claiming under him, since the date of the judgment shall so detain possession of real property, after a sale thereof under an execution issued on such judgment, it shall be lawful for the municipal court, on complaint under oath, verified by the person aggrieved by said unlawful detention or by his agent or attorney, having knowledge of the facts, to issue a summons to the party complained of to appear and show cause why judgment should not be giv-

person aggrieved" instead of "the person entitled to the premises" thereby expanding the class of potential plaintiffs entitled to bring the action. Thus, we have held that the provisions which provide a procedure to recover possession of real property apply to suits by a purchaser at a foreclosure sale to evict the former owner, *Jennings v. Gilbertson,* 74 A.2d 839 (D.C.1950); *Glenn v. Mindell,* 74 A.2d 835 (D.C.1950), by the heir of property to evict a current occupant, *Mahoney v. Campbell,* 209 A.2d 791 (D.C.1965), and by a tenant in common seeking to share possession of the premises, *Bagby v. Honesty,* 149 A.2d 786 (D.C.1959). Most recently, in *Pernell v. Southall Realty,* 416 U.S. 363, 94 S.Ct. 1723, 40 L.Ed.2d 198 (1974), the Supreme Court, in construing the District of Columbia's current statute for possession of real property (D.C.Code § 16–1501 (1981)), said "[t]he statute is not limited to situations where a landlord seeks to evict a tenant, but may be invoked by *any* 'person aggrieved' by a wrongful detention of property." *Id.* at 369, 94 S.Ct. at 1726 (emphasis added). Thus, even with the amended terminology, the statute has been construed to encompass only those who, though not involved in the classic landlord-tenant relationship, are owners of the property with the right to possession, *e.g.,* purchaser, heir, tenant in common.

In the instant case, appellant is not the owner of the property. Although it is authorized to collect rents for the owner and to distribute the funds collected consistent with the procedures listed in § 43–543(a)(4), as a receiver appointed by the court for this limited purpose, it is not an agent of the owner but is, instead, a representative of the court. *See* RESTATEMENT (SECOND) OF AGENCY § 14F, comment a (1958). Thus, although appellant has limited authority to act for the aggrieved landlord, it is not "the person aggrieved" within the meaning of established law in a § 16–1501 proceeding.

### III.

■ Permitting the landlord (who is, of course, a person aggrieved by the detention)

en against him for the restitution of the pos-

to sue under § 16–1501, however, would result in the infringement of the tenant's right. Even when no money judgment is sought in a suit for possession, the court is required to make a determination of the amount of arrears to provide the tenant the opportunity to stay enforcement of any judgment for possession through exercise of his equitable right of redemption. *George Y. Worthington & Son Management Corp. v. Levy,* 204 A.2d 334, 336 (D.C.1964). Thus, if the landlord of an apartment house which has been placed under receivership brought suit for possession against a nonpaying tenant, the tenant would be denied the right to redeem by the payment of arrearages because under § 43–543(d) the landlord would be held in contempt if he accepted such payment.

It has been suggested that this legislatively-created web might be untangled by simply allowing the court-appointed receiver to maintain a suit for possession. Not only does the receiver's standing to sue under § 16–1501 appear to be appropriate under § 43–543(a)(4), which gives the receiver "authority to take such action as it deems necessary to collect all rents or payments for use and occupancy by the tenants of the apartment house ... in place of the owner," but the problem posed by the landlord's inability to receive payment of arrearages in the interest of redemption might conceivably be solved. However simple and appealing this approach may appear on the surface, our blanket approval of the receiver as "the person aggrieved," without more, would constitute an unwarranted extension of the law and create more problems than it would solve.

### IV.

This dilemma is best illustrated by considerations pertaining to the right of possession. Thus, although § 16–1503 provides that the plaintiff can only receive a judgment if he is entitled to the premises, we

session.

have held otherwise. In *J & J Slater, Inc. v. Brainerd*, 43 A.2d 714 (D.C.1945), a landlord, who had re-leased the premises, sued a holdover tenant for possession under the then applicable forcible entry and detainer provision (D.C.Code § 11–735 (1940)).[4] The court, relying on the language which makes such action available to a "person aggrieved" (which had amended the previous requirement that the plaintiff be a "person entitled to the premises"), held that the owner had a right to sue for possession. The court acknowledged that the new lessee, who was the party entitled to the premises, might be aggrieved as well, but left unresolved the issue of whether the right to maintain this action was exclusively that of the owner.[5]

In the instant case appellant, with authority limited to the collection of rents and distribution of the funds collected, clearly does not itself have a right to the premises. Further, since appellant is not an agent for the owner (*see* RESTATEMENT (SECOND) OF AGENCY, *supra*), this fact situation cannot come under the *Slater* exception which permits an owner to sue and receive a judgment even when a third party has a superior right to possession of the premises. Therefore, even if appellant were deemed "aggrieved" and thereby entitled to bring the suit it would not be entitled to receive a judgment.

### V.

Thus we are faced with a situation where appellant, as a receiver, is neither a "person aggrieved" nor "a person entitled to the premises." Yet to hold that the receiver is unconditionally barred from maintaining a suit for possession would not only frustrate the purpose of § 43–543 but would adversely affect the rights of both the landlord and the tenant. A tenant, deliberately delinquent and acting in bad faith, would be immunized from being evicted at great loss and inconvenience to the landlord. If sued by the landlord, the tenant acting in good faith might lose his right to redemption because neither the landlord (§ 43–543(d)) nor the receiver could legally accept the tenant's payment of arrearages.[6]

On the other hand there are other aspects of the tenant-landlord relationship, firmly engrained in the law, that militate against granting a receiver the unconditional right, without more, to bring suit for possession. It is well settled that a tenant's obligation to pay rent is dependent upon the landlord's performance of his obligations, including his warranty to maintain the premises in habitable condition. *Javins v. First National Realty Corp.*, 138 U.S.App. D.C. 369, 380, 428 F.2d 1071, 1082, *cert. denied*, 400 U.S. 925, 91 S.Ct. 186, 27 L.Ed.2d 185 (1970). Therefore, in order to determine what amount of rent is owed, the tenant must be afforded the opportunity to prove housing code violations. At first blush it might appear that this right is in no way affected by the fact that the receiver, and not the landlord, brings the suit for possession. *See E.W. Bailey & Co. v. Groton Manufacturing Co.*, 113 Vt. 309, 34 A.2d 178, 181 (1943) ("in ordinary actions brought by a receiver in his official capacity to recover upon an obligation or demand due to the person or estate which has passed under the receiver's control, the defendant may avail himself of any matter of defense which he might have urged had the

---

4. *See* note 3 *supra.*

5. This exception to § 16–1503, which permits an owner to sue and receive a judgment even when a third party has a superior right to possession of the premises is analogous to the expanded application of § 16–1501 which classifies an owner as the "person aggrieved," even if he was not involved in a traditional landlord-tenant relationship with the party unlawfully detaining possession of the property.

6. One solution to this conflict between the equitable right of a tenant and the legislative restriction on the landlord and receiver would be for the trial court to order the receiver to accept the tenant's payment of arrearages, if tendered, and apply it in accordance with § 43–543(a)(4).

action been brought by the original party instead of by his receiver").

However, even if the tenants, as party-defendants in a suit for possession, might be permitted to fully present and advocate their position as to the warranty of habitability the problem would not be resolved. The receiver is "supposed to be an indifferent person as between the parties to the cause," *In re Careful Laundry, Inc.,* 204 Md. 360, 104 A.2d 813, 820 (1954) and, as an officer of the court, must only obey the orders of the court which he represents. *Lust v. Kolbe,* 31 Md.App. 483, 356 A.2d 592, 597 (1976). Thus, appellant as receiver would not be authorized to present and advocate opposition to a *Javins* defense and the landlord's interest in protecting his property (rent) would be unrepresented in court. Further, for as long as the apartment buildings remained in receivership, the landlord would be precluded from bringing suit to obtain any rent which may be abated in the action. *See* § 43–543(d). It is precisely such a situation to which Super.Ct.Civ.R. 19(a) addresses itself.

Rule 19, entitled Joinder of Persons Needed for Just Adjudication, reads in pertinent part as follows:

(a) *Persons to be joined if feasible.* A person who is subject to service of process and whose joinder will not deprive the Court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) *in his absence complete relief cannot be accorded among those already parties, or* (2) *he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may* (i) *as a practical matter impair or impede his*

*ability to protect that interest* or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the Court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

While we are persuaded by the considerations we have addressed that a court-appointed receiver under the Act must be permitted the right to sue for possession, we are also persuaded that, Rule 19(a) requires that the landlord be joined as a plaintiff who has an "interest relating to the subject matter of the action," and "is so situated that the disposition of the action in his absence may as a practical matter impair or impede his ability to protect that interest." Rule 19(a)(2)(i).

Our position is buttressed by case law in which a request for "indispensable party" status has been denied by the court. In *Gauss v. Kirk,* 91 U.S.App.D.C. 80, 198 F.2d 83 (1952), a contract purchaser of real property sued the seller's agent for return of the deposit and the question arose as to whether the contract seller was an indispensable party to the action. The court held that, rather than being brought into the suit under Rule 19(a), the vendor should be deemed conditionally necessary, thereby invoking Rule 19(b).[7] This decision was grounded on the fact that any judgment obtained in the proceeding would not reach the funds or property of the vendor (except the deposit) and that, because the agent had a one-half interest in the deposit, he would have an interest in asserting any meritori-

---

7. Super.Ct.Civ.R. 19(b) reads:
DETERMINATION BY COURT WHENEVER JOINDER NOT FEASIBLE. If a person as described in [Rule 19(a)] cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

ous defense to the claim. *Id.* at 83, 198 F.2d at 85; *accord, Bainum v. Wurster,* 140 A.2d 184 (D.C.1958); *Eiland v. Robinson,* 109 A.2d 583 (D.C.1954); *Young v. Kaminetzky,* 102 A.2d 574 (D.C.1954).

A landlord, however, stands in clearly distinguishable shoes from an unjoined contract purchaser. If in response to a *Javins* defense, the court abates the rent assessed as owing by a tenant, and enters a judgment for possession against the tenant, the tenant may exercise his equitable right of redemption and satisfy the terms of the judgment by paying the abated amount of rent. The court's judgment, therefore, unlike that in *Gauss, Bainum, Young,* and *Eiland,* could reach funds of the landlord, in that the landlord would be denied payment of the full rent. Additionally, unlike a vendor's agent (who has an actual interest in the disputed funds and therefore a corresponding interest in asserting a defense to any claim for the funds), appellant has a minimal interest in the funds received from a tenant and correspondingly lacks a sufficient interest to assert a response to a *Javins* defense. This distinction is superfluous, however, because appellant, unlike the vendors, lacks the authority to present such a defense.

As a practical matter, we believe that, with the landlord joined as a party plaintiff, the statute providing for the remedy of receivership can be reconciled with the statutory provisions providing for possession. There is no question that an action for possession could be brought under § 16–1501, because the owner (now a plaintiff) is unquestionably aggrieved by the tenant's detention. Similarly, because the landlord is entitled to the premises, any questions as to the ability of the plaintiffs to receive a judgment under § 16–1503 is resolved.

We hold, therefore, that a receiver, appointed by the court pursuant to D.C. Code § 43–541, may institute a summary suit for possession in the Landlord and Tenant Branch of Superior Court as a mechanism to collect rent only if the owner of the property under receivership is joined as a party plaintiff pursuant to Rule 19(a). We affirm the trial court's ruling without prejudice to the right of the receiver to reinstitute suit consistent with this opinion.

*So ordered.*