**Luther S. JOHNSON, Appellant,**

v.

**Michael J. COLLINS, Appellee.**

**No. 85–1427.**

District of Columbia Court of Appeals.

Argued July 3, 1986.
Decided Oct. 20, 1986.

J.E. Wingfield, with whom David E. Fox, Washington, D.C., was on brief, for appellant.

Raymond A. Yost, Washington, D.C., for appellee.

Before PRYOR, Chief Judge, and BELSON and TERRY, Associate Judges.

TERRY, Associate Judge:

This case requires us, for the first time, to interpret certain provisions of the District of Columbia Compulsory/No-Fault Motor Vehicle Insurance Act of 1982 ("the No-Fault Act"), D.C. Code §§ 35–2101 through 35–2113 (1985. Supp.). Appellant Johnson, a taxicab driver, brought this action against appellee Collins to recover damages for injuries he allegedly received in a collision with a car driven by Collins. The trial court, concluding that the limits imposed by the No-Fault Act on the filing of civil liability actions barred any recovery by Johnson, granted Collins' motion for summary judgment. On appeal, Johnson contends that his status as a taxicab driver renders him exempt from the provisions of the No-Fault Act, so that the Act's restrictions on filing civil actions do not apply to him. Alternatively, Johnson maintains that if the court decides the No-Fault Act does apply to him, he is nevertheless ineligible for personal injury protection (PIP) benefits under section 35–2106(e)(1) of the Act, and that since the restrictions on filing civil actions apply, or should apply, only when PIP benefits under the Act are available, he is not barred from suing Collins. We reject both arguments and affirm the trial court's judgment.

I

On November 15, 1983, Johnson's taxicab collided with Collins' car at an intersection in the District of Columbia. The taxicab, owned by the Diamond Cab Company,[1] was registered and licensed in the District of

1. Appellant testified in his deposition that he rented the cab from Diamond.

Columbia. Neither Johnson nor Diamond had PIP insurance in effect for the cab at the time of the collision. Johnson, who suffered injuries in the accident, sued Collins in the Superior Court for $200,000.[2]

Collins, a resident of Delaware, was insured at the time of the accident by State Farm Mutual Automobile Insurance Company. His policy was deemed to provide PIP coverage as required by the No-Fault Act. Johnson has not requested that his medical expenses and lost income be paid by State Farm under the PIP benefits provision of Collins' policy, nor has he received PIP benefits from anyone. State Farm, however, has represented to the court that it will pay Johnson's claims for medical expenses and lost income as soon as he applies for such payment and submits reasonable proof to support his claims.

Collins filed a motion for summary judgment in the trial court "based on the limitations placed upon filing civil liability actions by [the No-Fault Act]," to which Johnson filed an opposition. The court granted the motion after a hearing. This appeal followed.

II

The No-Fault Act[3] replaced the previous tort liability system of resolving most automobile accident claims. The Act requires that the owner of any vehicle registered in the District of Columbia obtain insurance with a certain level of benefits. D.C. Code § 35–2103 (1985 Supp.). Among the types of insurance required to be purchased is personal injury protection (PIP) insurance, which pays for any compensable loss re-

gardless of negligence or fault. *See* D.C. Code § 35–2104(b) (1985 Supp.). In exchange for this certain, but limited, compensation, the Act eliminates most civil claims for damages based upon tort liability. D.C. Code § 35–2105 (1985 Supp.).

Appellant Johnson contends that under section 35–2111(e) of the No-Fault Act, his status as a taxicab driver renders him exempt from the Act's limitations on civil liability claims. We hold that neither Johnson nor any other taxicab driver is exempt under this section from the limitation which the No-Fault Act imposes on his or her common law right to sue.

■ In interpreting section 35–2111(e), we must first look to the statutory language itself to see if its meaning is plain. *E.g., Nova University v. Educational Institution Licensure Commission,* 483 A.2d 1172, 1179 (D.C.1984), *cert. denied,* 470 U.S. 1054, 105 S.Ct. 1759, 84 L.Ed.2d 822 (1985); *Davis v. United States,* 397 A.2d 951, 956 (D.C.1979). Section 35–2111(e) provides:

*Taxicab exemption.* The Mayor shall exempt, after a hearing held in accordance with [the District of Columbia Administrative Procedure Act], taxicabs from the provisions of this chapter (except for the provisions of § 35–2109) unless the Mayor finds that such action is not necessary to preserve the economic strength of the taxicab industry.[4]

The plain language of this section exempts taxicabs,[5] not taxicab drivers, from the provisions of "this chapter" (the No-Fault Act). This is a significant distinction. The Act requires the owner of a motor vehicle

2. In his answers to interrogatories, Johnson claimed a total of $968.00 in monetary loss or damages, consisting of medical expenses ($502.50), loss of time from work ($420.50), and transportation costs ($45.00).

3. The District of Columbia Council has recently made several changes in the No-Fault Act. *See* D.C.Code §§ 35–2101 through 35–2114 (1986 Supp.). This case, however, arose under the original, unamended No-Fault Act, and it is that *Act which we must interpret here.*

4. After the required hearing, the Mayor exempted taxicabs from the provisions of the No-Fault Act.

5. The No-Fault Act defines a taxicab as

any public vehicle for hire having a seating capacity of less than eight passengers, exclusive of the driver, except ambulances, funeral cars, vehicles used exclusively for sightseeing purposes, or vehicles for which the rate is fixed solely by the hour.

D.C.Code § 35–2102(31) (1985 Supp.).

to obtain PIP insurance, D.C. Code § 35–2103(a) (1985 Supp.), and to certify each year upon registering the vehicle "that the insurance required by this chapter is in effect *with respect to that motor vehicle.*" D.C. Code § 35–2103(d)(1)(A) (1985 Supp.) (emphasis added). The statutory limitation on filing suit, however, speaks in terms of persons, not vehicles. D.C. Code § 35–2105(a) (1985 Supp.) provides that, with certain exceptions, "no *person* may maintain a civil action based on liability against any other person, with respect to an injury" covered by PIP benefits (emphasis added). "Thus in the lexicon of the no-fault statute, 'motor vehicles'—such as taxicabs—carry insurance, but persons are precluded from filing civil claims. This distinction is consistent with [appellee's] assertion that the 'taxicab' exemption refers only to the mandatory insurance requirement and not to the limitation on civil liability." *Nasaka v. Data Access Systems*, 602 F.Supp. 761, 762–763 (D.D.C.1985).

This interpretation of section 35–2111(e) is in keeping with the overriding policy and purposes of the No-Fault Act: to provide quick and adequate compensation to all victims of motor vehicle accidents, and to eliminate the time-consuming and expensive process of litigation. *See* D.C. Code § 35–2101(a)(2)(D), (b) (1985 Supp.). The interpretation which appellant Johnson urges upon us, on the other hand, would work against these purposes. *See Nasaka, supra*, 602 F.Supp. at 763. If the language of the Act is susceptible of two constructions, one of which will promote the stated legislative goals while the other will defeat them, the former construction should prevail. 2A Sutherland, Statutory Construction § 46.05, at 91 (4th ed. 1984); *see Peoples Drug Stores, Inc. v. District of Columbia*, 470 A.2d 751, 754 (D.C.1983) (en banc) ("a court may refuse to adhere strictly to the plain wording of a statute in order 'to effectuate the legislative purpose'" (citations omitted)); *Dyer v. D.C. Department of Housing & Community Development*, 452 A.2d 968, 969–970 (D.C.1982).

Therefore, considering both the plain language of the No-Fault Act as a whole and the general legislative purpose, we hold that the "taxicab exemption" contained in section 35–2111(e) exempts *taxicabs* from the insurance requirements of section 35–2103, but does not exempt *taxicab drivers* from the limitations on civil liability claims imposed by section 35–2105. *Accord, Nasaka v. Data Access Systems, supra,* 602 F.Supp. at 764. Thus we conclude that appellant Johnson, a taxicab driver, is subject to those limitations.

### III

Johnson also contends that because he is ineligible for PIP benefits under section 35–2106(e)(1), and because the restrictions on filing civil actions apply, or should apply, only when PIP benefits under the Act are available, those restrictions are not applicable to him. We reject Johnson's premise that he is ineligible for PIP benefits; hence we also reject his conclusion that he is not subject to the restrictions of section 35–2105.

The portion of the No-Fault Act which limits most civil claims for damages provides:

> Except as provided in subsection (b) of this section, no person may maintain a civil action based on liability against any other person, with respect to an injury *as to which personal injury protection benefits are payable* under this chapter [the No-Fault Act].

D.C. Code § 35–2105(a) (1985 Supp.) (emphasis added). It is undisputed that this case does not fall within any of the six exceptions in subsection (b). Thus, in order for Johnson's civil action to be barred under this section, he must be eligible for PIP benefits under the Act. To determine whether he is eligible for PIP benefits, we must look to another provision of the No-Fault Act.

Subsections (d) and (e) of section 35–2106 control who is eligible and who is ineligible

for PIP benefits. Section 35–2106(d) provides:

> *Eligibility for benefits.* Except as otherwise provided in subsection (e) of this section, personal injury protection benefits are payable by the applicable insurer or the assigned claims plan for any victim if the accident involved occurs in the District or in any state *if the victim was, at the time of the accident, a beneficiary under a personal injury protection policy or the occupant of a motor vehicle owned or registered by a person who is a beneficiary.* [Emphasis added.]

Section 35–2106(e) provides in pertinent part:

> *Ineligibility for benefits.* (1) No personal injury protection benefits shall be paid with respect to any victim if that victim:
>
> (A) Is, as of the date of the accident, the owner of a motor vehicle involved in the accident resulting in that victim's injury; and
>
> (B) Failed, as of the date of the accident, to provide and maintain insurance for payment of the benefits required by this chapter for personal injury protection.

Both parties agree, and so do we, that if an accident occurs in the District of Columbia and none of the exceptions in subsection (e) apply, PIP benefits are payable under subsection (d) by the applicable insurer or the assigned claims plan [6] to any victim of the accident. Johnson also conceded at oral argument, and we agree, that the italicized portion of subsection (d) should be read as applying only to accidents which occur "in any state," not to those which occur in the District of Columbia. That is the only way to construe subsection (d) so as to avoid making subsection (e)(1) superfluous. *See Office of People's Counsel v. Public Service Commission,* 477 A.2d 1079, 1084 (D.C.1984); *Shannon & Luchs Co. v. Jeter,* 469 A.2d 812, 814 (D.C.1983). If we held that the italicized

portion of subsection (d) also applied to accidents occurring in the District, the language in subsection (e)(1) which denies PIP benefits to the injured owner of a vehicle who has failed to obtain PIP insurance would be rendered superfluous, since that owner would already be ineligible for PIP benefits under subsection (d). The relevant question, then, is whether appellant Johnson is ineligible for benefits under subsection (e).

Johnson contends that he is ineligible under subsection (e) because he is an owner who failed to maintain the required insurance. The record refutes this contention. In his deposition Johnson testified that he was not the owner of the taxicab involved in the accident, but that he had rented it from the Diamond Cab Company. Therefore, since he is not the owner of the vehicle, he is not ineligible under subsection (e)(1)(A). Furthermore, even if he were the owner, he would not fall within subsection (e)(1)(B). The taxicab was not required to have PIP insurance because it was exempt under section 35–2111(e), which we have discussed in part II of this opinion. Thus Johnson is not ineligible under section 35–2106(e)(1)(B), which bases ineligibility on failure of the owner of a vehicle to provide and maintain PIP insurance for that vehicle. Johnson did not "fail" to have PIP insurance because he was not required to have it in the first place; simply put, he could not fail to do something that he was never under any obligation to do. We therefore hold that appellant Johnson is eligible for PIP benefits, notwithstanding section 35–2106(d) and (e), and accordingly that he is barred from bringing this civil action.

*Affirmed.*

---

**6.** *See* D.C.Code § 35–2108 (1985 Supp.).