**Philip M. TAYLOR, Appellant,**

v.

**Theodore R. CANADY, et al., Appellees.**

No. 86–816.

District of Columbia Court of Appeals.

Argued May 13, 1987.
Decided Jan. 25, 1988.

Cynthia S. Miraglia, Rockville, Md., for appellant. David M. LaCivita, Landover, Md., was on the brief for appellant.

Frank J. Martell, Rockville, Md., for appellees.

Before PRYOR, Chief Judge, and TERRY and ROGERS, Associate Judges.

TERRY, Associate Judge:

Philip Taylor was struck by a car driven by Theodore Canady and now seeks to recover personal injury protection (PIP) benefits under the District of Columbia Compulsory/No-Fault Motor Vehicle Insurance Act of 1982 ("the No–Fault Act"), D.C. Code §§ 35–2101 through 35–2113 (1985 Supp.).[1] Taylor filed this suit for a declaratory judgment against Canady and his insurer, Government Employees Insurance Company (GEICO), asking the Superior Court to construe the No–Fault Act "as providing PIP coverage to [Taylor], an

---

**1.** The No–Fault Act, originally enacted in 1982, was extensively amended in 1986. In particular, the 1986 amendments repealed subsections (d) and (e) of D.C.Code § 35–2106, which dealt with eligibility for PIP benefits. *See* Note, "Effect of amendments," following D.C.Code § 35–2106 (1987 Supp.). However, since the events at issue here occurred in 1984, this case is controlled by the original, unamended No–Fault Act.

uninsured pedestrian struck in Maryland by a vehicle registered and owned in the District of Columbia by ... Canady, and insured by ... GEICO." The trial court, after a hearing on the parties' cross-motions for summary judgment, entered judgment for Canady and GEICO. We agree with the parties that there is no material issue of fact, and we hold that the trial court's judgment was correct as a matter of law. Accordingly, we affirm.

## I

On November 17, 1984, Philip Taylor was walking along the shoulder of a road in Prince George's County, Maryland, when he was struck by an automobile owned and operated by Theodore Canady, a District of Columbia resident. As a result of his injuries, Taylor incurred more than $40,000 in medical expenses and more than $9,000 in lost wages. It is undisputed that on the date of his injury Taylor was a resident of Maryland, not the District of Columbia, and was not a beneficiary of an insurance policy providing PIP benefits for injuries occurring in the District. When he filed a claim with GEICO seeking PIP reimbursement for his medical expenses and lost wages, GEICO denied the claim, basing its denial on the terms of its insurance contract with Canady and on D.C.Code § 35–2106(e) (1985 Supp.), part of the No-Fault Act.[2] Taylor then filed this suit.

On appeal from the trial court's judgment against him, Taylor contends that because he was an uninsured pedestrian injured by an insured District of Columbia driver, he should be allowed to receive PIP benefits under the District of Columbia No-Fault Act, even though his injury occurred in Maryland. He further asserts that Canady's automobile insurance policy, which fails to provide coverage for a non-resident uninsured pedestrian who is injured outside the District of Columbia, is invalid as a matter of law under the No-Fault Act. We reject both arguments. In addition, Taylor maintains that this case presents a conflict between Maryland and District of Columbia law, and that we should resolve this conflict by applying the law of Maryland. We conclude that there is no conflict, and thus we need not engage in the type of analysis which Taylor urges us to undertake.

## II

■ The No-Fault Act in 1984 required the owner of any vehicle registered in the District of Columbia to purchase insurance that provided certain benefits, one of which was PIP coverage, which paid for compensable losses regardless of negligence or fault.[3] In enacting the No-Fault Act, the District of Columbia Council stated in its findings that "[m]otorists, motor vehicle passengers, and pedestrians *in the District* [were] not adequately protected, by current law and practice, from the consequences of motor vehicle accidents." D.C.Code § 35–2101(a)(1) (1985 Supp.) (emphasis added). If a person sustained injuries in "an accident involving a motor vehicle in the District," the Council found, it was unlikely that he or she would recover even the amount of any actual losses. D.C.Code § 35–2101(a)(2) (1985 Supp.). The Council therefore decided to alleviate this problem, but only "for victims who are injured in the District or who are injured while riding in motor vehicles registered or operated in the

---

2. On the date of Taylor's injury, D.C.Code § 35–2106(e) provided in pertinent part:

   (e) **Ineligibility for benefits.—**

   \* \* \* \* \* \*

   (2) No victim is entitled to personal injury protection benefits if, at the time of the accident resulting in injury:

   \* \* \* \* \* \*

   (B) That victim:
   (i) Was not a resident of the District;
   (ii) Was operating or occupying a motor vehicle that was not registered in the District; *and*

(iii) Was not the beneficiary of a policy of personal injury protection insurance or a policy of insurance deemed to provide personal injury protection benefits for accidents occurring in the District. [Emphasis added.]

3. The 1986 amendments made PIP coverage optional rather than required. *Compare* D.C.Code § 35–2104(a) (1985 Supp.) *with* D.C.Code § 35–2104(a) (1987 Supp.).

District." D.C.Code § 35–2101(b) (1985 Supp.). Appellant Taylor is not a member of either of these classes of beneficiaries. He was not riding in a motor vehicle at the time of the accident, nor was he injured in the District.

Taylor argues nevertheless that because he is not made ineligible for PIP benefits by D.C.Code § 35–2106(e)(2)(B),[4] he should be deemed eligible. This argument misses the point. Eligibility is determined not by subsection (e) of section 35–2106, but by subsection (d). The purpose of subsection (e) is simply to exclude from PIP coverage certain persons who might otherwise be covered, such as car thieves (subparagraph (2)(A)) and owners of uninsured vehicles which are involved in accidents (subparagraph (1)(B)). Therefore, even though Taylor may not be rendered *ineligible* by subsection (e), he must be affirmatively *eligible* under subsection (d) before he may obtain PIP benefits. Thus we look to subsection (d) to determine his eligibility.

D.C.Code § 35–2106(d) states that PIP benefits are payable:

> if the accident involved occurs in the District or in any state *if the victim was, at the time of the accident, a beneficiary under a personal injury protection policy or the occupant of a motor vehicle owned or registered by a person who is a beneficiary.* [Emphasis added.]

We held in *Johnson v. Collins*, 516 A.2d 196, 200 (D.C.1986), that in order to avoid making subsection (e)(1) superfluous, the language in subsection (d) which we have italicized here must be read as applying only to accidents occurring outside the District of Columbia. Thus the relevant question in this case—the converse of that presented in *Johnson*—is whether appellant Taylor is eligible for benefits under subsection (d), not whether he is ineligible under subsection (e). The undisputed facts make plain that he does not meet the eligibility requirements under subsection (d) for one who is injured outside the District of Columbia.

In the trial court Taylor admitted that at the time of the accident he was not a beneficiary under a PIP policy. In his brief in this court, however, Taylor argues that he was "the beneficiary of a policy of personal injury protection insurance issued to the defendant Theodore Canady by the defendant GEICO...." This argument begs the question: it assumes that Taylor is a beneficiary of Canady's PIP policy, which is the very issue that we must decide. We decide it in Canady's and GEICO's favor. We think the only reasonable reading of subsection (d), in a case such as this, is that Taylor must be a beneficiary of a personal injury protection policy other than Canady's (*e.g.,* his own) or the occupant of a car owned by another person who is a beneficiary. Since Taylor was neither at the time of the accident, he was not eligible for PIP benefits.

### III

■ Taylor also asserts that the insurance policy which GEICO issued to Canady is invalid as a matter of law because it does not provide the coverage mandated by the No–Fault Act. In its pre–1986 form, the Act required every owner of a motor vehicle to "maintain insurance for payment of the benefits required by this chapter for personal injury protection, property damage liability protection, third-party liability coverage for accidents occurring outside of the District, and uninsured motorist protection." D.C.Code § 35–2103(a) (1985 Supp.). Taylor interprets this provision to mean that personal injury protection insurance must be maintained for accidents occurring outside the District of Columbia. The statutory language makes plain, however, that the only coverage mandated for accidents outside the District of Columbia is third-party liability coverage. The Act, in its unamended form, does not require PIP benefits to be paid to persons injured in accidents outside the District, although there is

---

4. A person is ineligible under subsection (e)(2) only if he or she meets all three of the requirements of subparagraph (B). See note 2, *supra.* Since Taylor was not operating or occupying a motor vehicle at the time of his injury, he did not meet requirement (ii). Thus GEICO was legally incorrect when it relied on subsection (e) in denying Taylor's claim.

nothing to prevent an insurer from providing such coverage if it chooses to do so.[5]

Looking then to Canady's insurance policy, we conclude that it does not provide PIP coverage for persons injured outside the District of Columbia. The policy states that PIP benefits are to be paid to a "covered person" for bodily injury sustained in an accident. It defines a "covered person" as "any other person sustaining *bodily injury* in an accident within the District of Columbia in which *your covered* auto is involved" (emphasis in original). Because this accident did not occur within the District of Columbia, Taylor is not a "covered person" under that portion of the policy dealing with PIP benefits. Whether he may be covered by some other provision of the policy is a question that is not before us.

## IV

Finally, Taylor asserts that this case presents a conflict between the law of Maryland and the law of the District of Columbia. He urges us to rule that Maryland has a substantial interest in the outcome of the case and that Maryland law therefore should apply. We find no conflict of laws because we conclude that the interests of Maryland and the District of Columbia are the same: to compensate persons injured in automobile accidents only when those accidents occur within their respective borders.

The Maryland Insurance Code requires that all motor vehicle liability insurance issued or sold in Maryland provide certain minimum benefits to pedestrians who are injured in an accident in which an insured vehicle is involved, without regard to fault. Md.Ann.Code art. 48A, §§ 539(a), 540(a) (1986). The code also states, however, that a pedestrian who is "injured in an accident outside of Maryland and is not a resident of Maryland" may be excluded from such coverage. Md.Ann.Code art. 48A, § 545(a)(4) (1986). In the District of Columbia, PIP benefits are payable under the pre–1986 No–Fault Act to "any victim" of an acci-

dent, but only if the accident either (1) occurs in the District or (2) occurs in any state outside the District "if the victim was, at the time of the accident, a beneficiary under a personal injury protection policy or the occupant of a motor vehicle owned or registered by a person who is a beneficiary." D.C.Code § 35–2106(d) (1985 Supp.); *see Johnson v. Collins, supra,* 516 A.2d at 200.

There is no inconsistency here because both Maryland and the District of Columbia exclude from mandatory coverage any non-resident who is injured out-of-state. Just as Maryland has no interest in providing benefits to non-residents injured in the District, the District has no interest in providing benefits to non-residents injured in Maryland. Thus, if Taylor had been a resident of the District and had been injured in the District, he would not have been covered under the Maryland no-fault law even if Canady had been a Maryland resident. Since there is "no real conflict" in the interests of Maryland and the District, *Kaiser–Georgetown Community Health Plan, Inc. v. Stutsman,* 491 A.2d 502, 509 (D.C.1985), it is unnecessary for us to engage in the choice-of-law exercise that Taylor presses upon us. *See Duncan v. G.E.W., Inc.,* 526 A.2d 1358, 1363 (D.C. 1987); *Gaither v. Myers,* 131 U.S.App.D.C. 216, 224, 404 F.2d 216, 224 (1968); *Schliep v. DeMaras,* 410 F.Supp. 1190, 1193 (D.D.C. 1976).

## V

In summary, we hold that appellant Taylor is not eligible for PIP benefits under the pre–1986 No–Fault Act. The judgment of the Superior Court to that effect is therefore

*Affirmed.*

---

**5.** We need not decide whether the amended version of the No–Fault Act requires such cover-

age.